CARMACK, Appellee,

v.

CALTRIDER, Registrar, Bureau of Motor Vehicles, Appellant.

[Cite as *Carmack v. Caltrider,* 164 Ohio App.3d 76, 2005-Ohio-5575.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 2004 CA 41.

Decided Oct. 21, 2005.

Richard S. Davis, for appellee.

Jim Petro, Ohio Attorney General, and Timothy C. Loughry, Assistant Attorney General, for appellant.

WOLFF, Judge.

{¶ 1} Franklin R. Caltrider, Registrar, Ohio Bureau of Motor Vehicles (hereinafter "the BMV") appeals from a judgment of the Miami County Municipal Court, which vacated an order of suspension issued by the BMV and reinstated Randall M. Carmack's driving privileges.

{¶ 2} Carmack was arrested for driving under the influence on April 8, 2004, and he pleaded guilty on August 23, 2004. The BMV sent Carmack a notice dated September 15, 2004, that his driver's license had been suspended due to failure to show proof of financial responsibility when he was in court. The notice also informed Carmack that he could request an administrative hearing on the suspension within ten days.

{¶ 3} Carmack did not request an administrative hearing. Instead, on October 15, 2004, he filed a petition in the Miami County Municipal Court to vacate the BMV's suspension or, in the alternative, for limited driving privileges. On November 4, 2004, the municipal court set aside the suspension. Specifically, it found that, due to a clerical error, it had failed to notify the BMV "of Plaintiff's failure to show proof of insurance on the date of his arrest and impose [sic] a non-compliant suspension effective April 8, 2004 and/or to credit Plaintiff the time of pretrial suspension imposed from April 8, 2004 through August 23, 2004 as required by law." We interpret this language to mean that the court had imposed a license suspension at the time of Carmack's arrest, but had failed to inform the BMV of this fact and was attempting to give Carmack credit for the time he had already spent under suspension when it "set aside" the BMV's suspension. The BMV filed this appeal when it was notified of the municipal court's judgment.

{¶ 4} The BMV raises two assignments of error on appeal. The first assignment challenges the municipal court's jurisdiction to decide Carmack's "appeal" insofar as the notice of appeal was untimely and the municipal court was not the proper forum for the appeal. In its second assignment, the BMV contends that Carmack was not entitled to an appeal because he had failed to exhaust his administrative remedies. We will discuss these assignments together.

{¶ 5} We find that there are multiple errors that require the reversal of the municipal court's judgment. Essentially, Carmack tried to collaterally attack the BMV suspension, and the municipal court lacked the authority to grant such relief.

{¶ 6} R.C. 119.12 provides that "[a]ny party desiring to appeal [from an administrative action] shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal." A failure to

timely request an administrative hearing constitutes a failure to exhaust administrative remedies. *Reichart–Spaeth v. State of Ohio Counselor* (March 16, 2001), Montgomery App. No. 18521, 2001 WL 256314, citing *State Med. Bd. v. Fiorica* (Nov. 3, 1988), Franklin App. No. 88AP–516, 1988 WL 118820. See, also, *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 322 N.E.2d 629. R.C. 119.12 does not provide a right to appeal a case on the merits when no administrative hearing occurred due to the applicant's failure to make a timely request to the licensing board. *Reichart–Spaeth,* supra. "To allow a claimant * * * to raise an issue for the first time in an appeal to the court of common pleas would frustrate the statutory system for having issues raised and decided through the administrative process." *Kaltenbach v. Mayfield* (Apr. 27, 1990), Pickaway App. No. 89–CA–10, 1990 WL 54857.

{¶ 7} Although his notice of suspension provided him with information about requesting a hearing through the BMV, Carmack made no attempt to avail himself of this administrative appeal. Therefore, Carmack waived his right to appeal the BMV's suspension in court.

{¶ 8} We also note that only the courts of common pleas are vested with jurisdiction to hear appeals from the actions of administrative agencies. R.C. 119.12 states that "[a]ny party adversely affected by an order of an agency issued pursuant to an adjudication * * * revoking or suspending a license * * * may appeal from the order of the agency to the court of common pleas of the * * * county in which the licensee is a resident * * *." Therefore, the municipal court would have lacked jurisdiction to hear an appeal of Carmack's suspension even if he had exhausted his administrative remedies.

{¶ 9} The BMV further correctly points out that Carmack failed to appeal within the time prescribed by R.C. 119.12.

{¶ 10} Finally, we acknowledge that there in fact may have been a clerical error in this case that provided Carmack with a legitimate basis to challenge the BMV's suspension. It is unfortunate that he did not use the appropriate mechanism to advance his arguments in this regard. It may be that the BMV might grant Carmack relief from the license suspension should the municipal court document to the BMV's satisfaction the clerical error that the court claims to have made. It is clear, however, that the municipal court lacked jurisdiction to grant such relief.

{¶ 11} The assignments of error are sustained.

{¶ 12} The order of the municipal court vacating the suspension is reversed.

Judgment reversed.

GRADY and DONOVAN, JJ., concur.