OPINION
{¶ 1} Appellant-appellant, Iraj Derakhshan, M.D. ("appellant"), appeals from the dismissal by the Franklin County Court of Common Pleas of his appeal from the revocation of his medical license by appellee-appellee, the Ohio State Medical Board ("appellee"). For the following reasons, we reverse. *Page 2 
 {¶ 2} On November 9, 2005, appellee voted to send to appellant a citation letter, which notified appellant that appellee intended to determine whether to limit, revoke or suspend his license to practice medicine in Ohio. Appellee stated the following grounds:
 On or about July 11, 2005, you entered into a Consent Order with the West Virginia Board of Medicine [West Virginia Consent Order] that required you, inter alia, to complete, within ten months, courses in "Controlled Substance Management" and record keeping; to cease advising patients to cut time-released medications in half with a pill cutter; and to continue to reduce the number of patients you examine or otherwise treat daily. A copy of the West Virginia Consent Order is attached hereto and incorporated herein.
 {¶ 3} The letter stated that the West Virginia Consent Order provided grounds for action under R.C. 4731.22(B)(22). That section authorizes appellee to take action regarding an individual's medical license if a medical licensing entity in another jurisdiction limits, revokes or suspends the individual's license, refuses to renew or reinstate a license, imposes probation, or issues an order of censure or other reprimand.
 {¶ 4} The letter also advised appellant of his entitlement to a hearing and that, if he wished to request a hearing, he was to submit his written request within 30 days. Appellant did not request a hearing. Appellant asserts that, while he asked his attorney to request a hearing, the attorney did not do so.
 {¶ 5} On January 11, 2006, appellee found that there was reliable, probative, and substantial evidence to support the allegations contained in the November 9, 2005 letter. Appellee voted to revoke appellant's license to practice medicine in Ohio. *Page 3 
 {¶ 6} On January 20, 2006, appellant filed a notice of appeal to the Franklin County Court of Common Pleas. The notice identified the grounds for the appeal as the following:
 A. The revocation of [appellant's] medical license is not supported by reliable, probative, and substantial evidence.
 B. The revocation of [appellant's] medical license is contrary to law.
 C. The revocation of [appellant's] medical license was arbitrary and capricious.
 D. The revocation of [appellant's] medical license constitutes an abuse of discretion.
 {¶ 7} On February 24, 2006, appellee moved to dismiss appellant's appeal for his failure to exhaust administrative remedies and lack of subject-matter jurisdiction. Specifically, appellee argued that appellant had failed to request a hearing, and that failure deprived the trial court of jurisdiction over the appeal.
 {¶ 8} In response to the motion to dismiss, appellant argued that the doctrine of exhaustion did not preclude his appeal because it raised a facial constitutional challenge to appellee's authority, i.e., that R.C.4731.22(B)(22) violated his rights of due process. Because appellee had no authority to decide constitutional questions, appellant argued, his failure to raise the issue before appellee did not preclude his appeal. In its reply, appellee responded that appellant had failed to raise this constitutional challenge in his notice of appeal, and, therefore, the trial court had no jurisdiction to consider the constitutional question.
 {¶ 9} On March 9, 2007, the court issued a decision and entry granting appellee's motion to dismiss appellant's appeal. Relying on precedent from this court, *Page 4 
the trial court found that appellant's failure to request a hearing before appellee deprived the court of jurisdiction to hear the appeal. In making this finding, the court rejected appellant's argument that the exhaustion doctrine does not apply to constitutional challenges. Further, the court found that appellant had effectively waived any constitutional challenge by failing to raise it in his notice of appeal.
 {¶ 10} Appellant filed a timely appeal to this court, and he raises the following assignment of error:
 The Lower Court erred in dismissing the appeal of an administrative decision in its Decision and Entry Sustaining Motion to Dismiss.
 {¶ 11} Before reaching the merits of appellant's arguments, we consider appellee's argument that appellant's notice of appeal was defective as a matter of law because it did not state the grounds for the appeal. This defect, appellee argues, deprived the trial court of subject-matter jurisdiction. Subject-matter jurisdiction is a question of law, which we review de novo. Village of Hills Dales v. Ohio Dept.of Edn., Franklin App. No. 06AP-1249, 2007-Ohio-5156, at ¶ 16.
 {¶ 12} Appellant's right to appeal the revocation of his medical license arises from R.C. 119.12. That section provides, in pertinent part: "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal." The issue here is whether appellant's notice of appeal adequately set forth "the grounds" of his appeal.
 {¶ 13} We begin with the principle that, when a statute confers the right to appeal, the appeal can be perfected only in the mode prescribed by that statute. Ramsdell v. Ohio Civil Rights Comm. (1990),56 Ohio St.3d 24, 27. Parties must strictly *Page 5 
adhere to the filing requirements in order to perfect an appeal and invoke the jurisdiction of the court of common pleas. Hughes v. OhioDept. of Commerce, 114 Ohio St.3d 47, 2007-Ohio-2877, at ¶ 17;Harrison v. Ohio State Med. Bd. (1995), 103 Ohio App.3d 317, 321.
 {¶ 14} In support of its argument that appellant failed to adhere to the filing requirements of R.C. 119.12, appellee relies primarily onGreen v. State Bd. of Registration for Professional Engineers andSurveyors, Greene App. No. 05CA121, 2006-Ohio-1581. In Green, a licensed surveyor appealed from an order by the state surveyor licensing board, which reprimanded Green and suspended his license. Green appealed to the common pleas court, which accepted jurisdiction. On appeal to the Second District Court of Appeals, the board argued, in part, that the trial court erred in accepting jurisdiction because Green's notice of appeal did not adequately set forth the grounds for the appeal. The Second District agreed with the board and held that the common pleas court lacked jurisdiction.
 {¶ 15} In its opinion, id. at ¶ 14, the Second District described Green's notice of appeal as follows:
 The notice of appeal that Green filed merely states that he "is adversely affected" by the Board's order "finding that Appellant violated Revised Code Section 4733.20(A)(2)" and the sanctions the Board imposed. That bare contention, coupled with only a reference to the statutory authority under which the Board acted, is insufficient to satisfy the "grounds" requirement of R.C. 119.12. Berus v. Ohio Dep't. Of Admin. Services, Franklin App. No. 04AP-1196, 2005-Ohio-3384.
 {¶ 16} The Second District also explained that the "grounds" requirement in R.C. 119.12 required an appellant to "set forth facts sufficient on their face to show how the *Page 6 
agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. Otherwise, the agency is not put on notice of the claim or claims against which it must defend."Green at ¶ 13.
 {¶ 17} While we agree with the holding in Green — the notice of appeal did not state the grounds for the appeal, and that defect deprived the trial court of jurisdiction over the appeal — we do not agree with the court's explanation of R.C. 119.12 requirements.
 {¶ 18} In Ohio Real Estate Comm. v. Jones (Mar. 27, 1984), Franklin App. No. 83AP-396, this court considered whether a notice of appeal met R.C. 119.12 requirements. The notice of appeal at issue referenced the order from which the appellant was appealing, but identified no grounds for the appeal. Relying on Zier v. Bur. of Unemp. Comp. (1949),151 Ohio St. 123, and Masterson, Winchester Auto Sales, Inc. v. Ohio MotorVehicle Dealers' Salespersons' Licensing Bd. (June 4, 1981), Franklin App. No. 80AP-979, this court held that the appellant's failure to identify any grounds for the appeal deprived the trial court of jurisdiction over the appeal.
 {¶ 19} In Stultz v. Ohio Dept. of Admin. Serv., Franklin App. No. 04AP-602, 2005-Ohio-200, this court considered, as an alternate ground for affirming the dismissal of appellant's appeal, whether the appellant's notice of appeal stated reasons for the appeal. We found that the "appellant's notice of appeal referenced only the parties and the claim number and did not indicate a reason or basis for his appeal." Id. at ¶ 10. Therefore, his notice of appeal was insufficient to invoke the jurisdiction of the trial court.
 {¶ 20} Similarly, in Berus v. Ohio Dept. of Admin. Serv., Franklin App. No. 04AP-1196, 2005-Ohio-3384, as an alternate basis for affirming the dismissal of the *Page 7 
appellant's appeal, this court considered whether the appellant's notice of appeal was defective. We concluded that the appellant's notice of appeal referenced the parties and the agency decision from which she was appealing. The appellant did not, however, "indicate any reason or basis for her appeal." Id. at ¶ 13. As a result, her notice of appeal was insufficient to invoke the jurisdiction of the trial court. See, also,Kelsey's Learning Ctr. v. Ohio Dept. of Job Family Serv., Franklin App. No. 05AP-1311, 2006-Ohio-3657 (affirming dismissal of the appellant's appeal because it failed to state any grounds for the appeal).
 {¶ 21} Finally, in CHS-Windsor, Inc. v. Ohio Dept. of Job FamilyServ., Franklin App. No. 05AP-909, 2006-Ohio-2446, this court considered whether the appellant's notice of appeal stated the grounds for the appeal or, alternatively, whether appellant could amend its notice. The notice of appeal at issue stated "that `[t]he Adjudication Order is not in accordance with law in that it is not a ["]Final Order["] as required by state law because it purports to exclude any collection of amounts which may be owed to the Department as a result of a certain audit identified within the Adjudication Order.'" Id. at ¶ 10. This court determined, however, that the lack of a final order is a reason why an appeal cannot be taken; it is not a ground for an appeal. Therefore, the appellant had not stated a ground for appeal, and, without an amendment to the notice of appeal, the trial court lacked jurisdiction.
 {¶ 22} In each of these prior cases from this court, the notice of appeal at issue contained no grounds for the appeal. That critical fact distinguishes these prior cases from the appeal before us, where appellant identified four separate grounds for his appeal to the trial court. While we can appreciate appellee's desire for more detail *Page 8 
about appellant's arguments, R.C. 119.12 only requires an appellant to "set forth * * * the grounds of the party's appeal." It does not require an appellant to set forth specific facts to support those grounds, and we expressly decline to adopt such a requirement. Because we find that appellant's notice of appeal stated the grounds for his appeal and invoked the jurisdiction of the trial court, we reject appellee's contrary arguments.
 {¶ 23} We turn now to appellant's argument that the court erred in determining that it lacked subject-matter jurisdiction because appellant failed to exhaust his administrative remedies. The doctrine of exhaustion requires a person to exhaust administrative remedies before seeking redress from the judicial system. Basic Distrib. Corp. v. OhioDept. of Taxation, 94 Ohio St.3d 287, 290, 2002-Ohio-794, citingNoernberg v. Brook Park (1980), 63 Ohio St.2d 26. The purpose of the doctrine is to allow an administrative agency to apply its expertise in developing a factual record without premature judicial intervention in administrative processes. Nemazee v. Mt. Sinai Med. Ctr (1990),56 Ohio St.3d 109, 111; Prairie Twp. Bd. of Trustees v. Hay, Franklin App. No. 01AP-1198, 2002-Ohio-4765, at ¶ 26.
 {¶ 24} While many courts describe the exhaustion doctrine as a jurisdictional concept, the Supreme Court of Ohio and this court have clarified that a party's failure to exhaust available administrative remedies is not a jurisdictional defect. Jones v. Village of ChagrinFalls, 77 Ohio St.3d 456, 462, 1997-Ohio-253. Rather, "`it is an affirmative defense which must be timely asserted in an action or it will be considered waived.'" Prairie Twp. at ¶ 26, quoting The SalvationArmy v. Blue Cross Blue Shield of N. Ohio (1993), 92 Ohio App.3d 571,577; accord Grudzinski v. Med. College of Ohio (Apr. 12, 2000), Lucas App. No. L-00-1098 (stating that the rule of exhaustion "is not *Page 9 
jurisdictional, but may be raised as an affirmative defense"). But whether a party's failure to exhaust administrative remedies is deemed a jurisdictional defect or an affirmative defense, Ohio courts agree that allowing "`a claimant * * * to raise an issue for the first time in an appeal to the court of common pleas would frustrate the statutory system for having issues raised and decided through the administrative process.'" Carmack v. Caltrider, 164 Ohio App.3d 76, 2005-Ohio-5575, at ¶ 6, quoting Kaltenbach v. Mayfield (Apr. 27, 1990), Pickaway App. No. 89-CA-10.
 {¶ 25} Here, appellee timely raised appellant's failure to request a hearing and his resulting failure to exhaust his available administrative remedies. In response, appellant asserts that the exhaustion doctrine does not apply to preclude his facial constitutional challenge to R.C. 4731.22(B)(22) because appellee had no authority to address such a challenge. We agree with appellant.
 {¶ 26} As the Supreme Court of Ohio explained in Jones, supra, at 460-461:
 * * * We have long held that failure to exhaust administrative remedies is not a necessary prerequisite to an action challenging the constitutionality of a statute, ordinance, or administrative rule. Driscoll v. Austintown Assoc. [(1975)], 42 Ohio St. 2d 263, * * * paragraph two of the syllabus; Karches v. Cincinnati (1988), 38 Ohio St. 3d 12, 17 * * *; Fairview Gen. Hosp. v. Fletcher [(1992)], 63 Ohio St. 3d 146, 149 * * *.
 The policy interest underlying the rule distinguishing between cases presenting constitutional issues and others is simply the conservation of public resources. Because administrative bodies have no authority to interpret the Constitution, requiring litigants to assert constitutional arguments administratively would be a waste of time and effort for all involved. "If resort to administrative remedies would be wholly futile, exhaustion is not required." Karches v. Cincinnati [(1988)], 38 Ohio St. 3d 12, 17 * * * (citing Glover v. St. Louis-San Francisco Ry. Co. [1969], 393 U.S. *Page 10 
324 * * *); Driscoll v. Austintown Assoc, 42 Ohio St.2d 263, 275 * * *.
 {¶ 27} Here, the trial court distinguished Jones as a case arising from a declaratory judgment action. However, we find this distinction to be without legal consequence in this case. As the court inJones noted, Ohio courts have long held that exhaustion is not required where resort to administrative remedies would be futile. The parties before us agree that appellee holds no authority to decide constitutional questions. Therefore, it would have been futile for appellant to raise such questions administratively, and his failure to request an administrative hearing did not preclude his facial constitutional challenge.
 {¶ 28} In reaching this same conclusion, Ohio courts have distinguished facial constitutional challenges from as-applied challenges. In Bd. of Edn. of the SouthWestern City Schools v.Kinney (1986), 24 Ohio St.3d 184, syllabus, in the context of an appeal from the Board of Tax Appeals, the Supreme Court of Ohio held:
 A party that challenges the constitutionality of the application of a tax statute in a particular situation is required to raise that challenge at the first available opportunity during the proceedings before the Tax Commissioner, and a failure to do so constitutes a waiver of that issue.
 {¶ 29} In support of this holding, the Supreme Court stated, id. at 185-186:
 One who challenges the constitutional application of legislation to particular facts is required to raise that challenge at the first available opportunity during the proceedings before the administrative agency. Cf. Sun Finance Loan Co. v. Kosydar (1976), 45 Ohio St. 2d 283, 284, fn. 1 * * *. Otherwise, it would be impossible to develop the factual record necessary for the resolution of the case. Petrocon v. Kosydar
(1974), 38 Ohio St. 2d 264 * * * *Page 11 
 {¶ 30} The Supreme Court of Ohio applied this same reasoning in the context of an appeal from an order of the Public Utilities Commission of Ohio ("PUCO") in City of Reading v. Pub. Util. Comm. of Ohio,109 Ohio St.3d 193, 2006-Ohio-2181. In holding that an appellant could raise a facial constitutional challenge for the first time on appeal from a PUCO order, the court explained:
 * * * Extrinsic facts are not needed to determine whether a statute is unconstitutional on its face. When a party challenges the constitutionality of a statute as applied to a specific set of facts, however, a record is required. The proponent of the constitutionality of a statute also needs notice and an opportunity to develop an evidentiary record to support that view. See Cleveland Gear [Co. v. Limbach (1988), 35 Ohio St.3d 229], 232, 520 N.E.2d 188.
 For these reasons, we hold that a facial constitutional challenge to a statute need not first be raised before the commission. However, a litigant must raise an as-applied constitutional challenge in the first instance during the proceedings before the commission in order to allow the parties to develop an evidentiary record.
Id. at 195-196. See, also, S P Lebos, Inc. v. Ohio Liquor ControlComm., 163 Ohio App.3d 827, 2005-Ohio-5424, at ¶ 10-11; Am. Legion Post0046 Bellevue v. Ohio Liquor Control Comm. (1996), 111 Ohio App.3d 795,797-798, citing Rahal v. Liquor Control Comm. (1965), 1 Ohio App.2d 263,271.
 {¶ 31} This court appears to have applied these principles inState Med. Bd. v. Fiorica (Nov. 3, 1988), Franklin App. No. 88AP-516, where it addressed the concept of exhaustion as it applied on appeal to a doctor's failure to request an administrative hearing following notification by the State Medical Board of its intention to determine whether to revoke the doctor's license based on another state's revocation of his license *Page 12 
there. This court held that the doctor's "failure to timely request a hearing before appellee was a failure to exhaust his administrative remedies."
 {¶ 32} The appellant-doctor in Fiorica raised the following assignment of error to this court:
 "2. The constitutional question on the invalidity of the extreme penalty imposed under these circumstances without regard to mitigating factors was not within the competency of the administrative Board in the first, and there was therefore no duty upon appellant to exhaust administrative remedies in the Board. The jurisdiction to address this constitutional challenge rested with the trial court and it erred in declining to resolve the matter.["]
 {¶ 33} This assignment of error indicates that the appellant-doctor inFiorica raised an as-applied constitutional challenge — that is, a challenge to the penalty "imposed under these circumstances" — for the first time in the trial court. The trial court declined to consider the appellant's argument that appellee's penalty was unconstitutional as applied to the appellant, and this court affirmed based on the exhaustion doctrine and the appellant's failure to request an administrative hearing. As our prior discussion indicates, we would agree with the Fiorica court's conclusion that the appellant's failure to request an administrative hearing, and her resulting failure to develop a factual record, precluded the trial court from considering the as-applied constitutional challenge the appellant raised for the first time on appeal. Failure to request an administrative hearing would not, however, preclude an appellant from raising a facial constitutional challenge for the first time on appeal.
 {¶ 34} For these reasons, we sustain appellant's assignment of error and hold that appellant was entitled to raise a facial constitutional challenge to R.C. *Page 13 4731.22(B)(22) for the first time on appeal to the trial court. Accordingly, we reverse the decision of the Franklin County Court of Common Pleas, and we remand this matter to the trial court for resolution of appellant's facial constitutional challenge to R.C.4731.22(B)(22).
Judgment reversed and cause remanded with instructions.
McGRATH and WHITESIDE, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1