OPINION
{¶ 1} Appellee-appellant, The Ohio Department of Job and Family Services ("ODJFS"), appeals from the decision of the Franklin County Court of Common Pleas reversing a decision of ODJFS that found a $534,719.27 overpayment to appellant-appellee, Medcorp, Inc. ("Medcorp").
 {¶ 2} This matter arose from a post-payment audit of Medicaid claims paid to Medcorp between March 1, 1996 and September 30, 1997. Medcorp is a medical *Page 2 
transport company that provides ambulance and ambulette services in various Ohio counties. In 1998, the Surveillance and Utilization Review Section ("SURS") of ODJFS, the agency that administers Ohio's Medicaid program, audited Medcorp.
 {¶ 3} Between March 1, 1996 and September 30, 1997, Medcorp made claims for and was paid $534,719.27 for 10,462 medical transports. For the 1998 audit, SURS asked for Medcorp's records based upon 48 random claims. After review of the 48 claims, SURS disallowed all 48 claims upon one or more bases. This random sample was then extrapolated to the entire number of claims, resulting in all 10,462 claims being disallowed. Therefore, repayment was sought for the $534,719.27 that had previously been paid on those claims, plus interest. Medcorp challenged the overpayment determinations in an administrative hearing. A hearing examiner for ODJFS heard the matter on two days in April 2002, and on July 16, September 29, 30, and October 1, 2003. On January 10, 2005, the hearing examiner issued a report and recommendation in which he determined that an overpayment of $1,850.02 had occurred, but determined that the remaining amount was properly billed. ODJFS's director reviewed the record, including the hearing examiner's report and recommendation. Upon review, the director found the hearing examiner based his recommendation on erroneous findings of fact and conclusions of law. Therefore, the director reinstated the full amount of the $534,719.27 to be repaid and issued an adjudication order directing Medcorp to repay $534,719.27 plus statutory interest.
 {¶ 4} Medcorp appealed to the Franklin County Court of Common Pleas in accordance with R.C. 119.12. The trial court found the director's findings were not based on reliable, probative and substantial evidence and were not in accordance with law. *Page 3 
Therefore, the trial court essentially reinstated the hearing examiner's findings and agreed that ODJFS's statistical sampling methodology and its application to this audit were invalid. ODJFS timely appealed to this court and asserts the following two assignments of error for our review:
 Assignment of Error No. 1:
 THE LOWER COURT ERRED BY FAILING TO DISMIISS MEDCORP'S APPEAL FOR LACK OF SUBJECT MATTER JURISDICTION.
 Assignment of Error No. 2:
 THE LOWER COURT ERRED BY DETERMINING THAT ODJFS SHOULD HAVE USED AN EXTENDED SAMPLE SIZE BEFORE EXRAPOLATING THE RESULTS OF THE INITIAL SAMPLE TO ALL OF THE CLAIMS AT ISSUE IN THE AUDIT.
 {¶ 5} In the first assignment of error, ODJFS contends Medcorp's notice of appeal filed in the trial court was defective as a matter of law because it did not state "grounds" for the appeal as required by R.C. 119.12, and thereby deprived the trial court of subject-matter jurisdiction.[1] Subject-matter jurisdiction is a question of law, which we review de novo. Village of Hills Dales v. Ohio Dept. ofEdn., Franklin App. No. 06AP-1249, 2007-Ohio-5156 at ¶ 16, citingYusuf v. Omar, Franklin App. No. 06AP-416, 2006-Ohio-6657, at ¶ 7.
 {¶ 6} An appeal from an adjudication of ODJFS may be taken under R.C.119.12. In order to properly invoke the jurisdiction of the reviewing court, the appellant must *Page 4 
comply with the requirements of R.C. 119.12. In pertinent part, that section provides as follows:
 Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, the notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section. * * *
 {¶ 7} Where the right of appeal is conferred by statute, an appeal may be perfected only in the manner prescribed by statute. E.g., Zier v.Bur. of Unemployment Comp. (1949), 151 Ohio St. 123, paragraph one of the syllabus. Parties must strictly adhere to the filing requirements in order to perfect an appeal and invoke the jurisdiction of the court of common pleas. Harrison v. Ohio State Med. Bd. (1995),103 Ohio App.3d 317; Hughes v. Ohio Dept. of Commerce, Div. of Fin. Inst., Franklin App. No. 04AP-1386, 2005-Ohio-6368, and cases cited therein. If a party fails to comply with the requirements of R.C. 119.12, the common pleas court does not have jurisdiction to hear the appeal. Zier; Hughes, supra.
 {¶ 8} Medcorp's notice of appeal in this matter, stated:
 Pursuant to sections 119.12 and 5111.06 of the Ohio Revised Code, Medcorp, Inc., by and through counsel, hereby appeals from the Adjudication Order issued by the Ohio Department of Job and Family Services dated April 19, 2006, a copy of which is attached and incorporated herein by reference and styled: In the Matter of: Medcorp, Inc., Docket No. 01SUR25. The Adjudication Order is not in accordance with law and is not supported by reliable, probative, and substantial evidence.
 {¶ 9} In support of its argument that Medcorp failed to adhere to the filing requirements of R.C. 119.12, ODJFS relies on the Second District Court of Appeals *Page 5 
decisions in David Day Ministries v. State ex rel. Petro, Greene App. No. 2007 CA 1, 2007-Ohio-3454, and Green v. State Bd. of RegistrationFor Professional Engineers and Surveyors, Greene App. No. 05CA121,2006-Ohio-1581, as well as this court's decision in CHS-Windsor, Inc. v.Ohio Dept. of Job Family Services, Franklin App. No. 05AP-909,2006-Ohio-2446. However, since the time David Day Ministries andCHS-Windsor were decided, this court has confronted an issue similar to that presented here in Derakhshan v. State Med. Bd. of Ohio, Franklin App. No. 07AP-261, 2007-Ohio-5802. The appellant in Derakhshan appealed the revocation of his medical license. The notice of appeal filed in the trial court stated:
 A. The revocation of [appellant's] medical license is not supported by reliable, probative, and substantial evidence.
 B. The revocation of [appellant's] medical license is contrary to law.
 C. The revocation of [appellant's] medical license was arbitrary and capricious.
 D. The revocation of [appellant's] medical license constitutes an abuse of discretion.
Id. at ¶ 6.
 {¶ 10} The Medical Board argued that the notice of appeal was defective and deprived the trial court of subject-matter jurisdiction because it failed to set forth grounds for appeal in accordance with R.C. 119.12. The Medical Board relied, as ODJFS does here, on the Second District's decision in Green. This court agreed with the line of cases holding that a notice of appeal pursuant to R.C. 119.12 that contains no grounds for appeal deprived the trial court of jurisdiction. However, we went on to distinguish the *Page 6 
notice of appeal at issue in Derakhshan, finding that it stated four grounds for appeal.
This court stated:
 In each of these prior cases from this court, the notice of appeal at issue contained no grounds for the appeal. That critical fact distinguishes these prior cases from the appeal before us, where appellant identified four separate grounds for his appeal to the trial court. While we can appreciate appellee's desire for more detail about appellant's arguments, R.C. 119.12 only requires an appellant to "set forth * * * the grounds of the party's appeal." It does not require an appellant to set forth specific facts to support those grounds, and we expressly decline to adopt such a requirement. Because we find that appellant's notice of appeal stated the grounds for his appeal and invoked the jurisdiction of the trial court, we reject appellee's contrary arguments.
Id. at ¶ 22.
 {¶ 11} We find no meaningful difference between the grounds for appeal set forth in Derakhshan's notice of appeal and the grounds for appeal set forth in the notice of appeal currently before us. As we explained in Derakhshan:
 In its opinion, id. at P14, the Second District described Green's notice of appeal as follows:
 The notice of appeal that Green filed merely states that he "is adversely affected" by the Board's order "finding that Appellant violated Revised Code Section 4733.20(A)(2)" and the sanctions the Board imposed. That bare contention, coupled with only a reference to the statutory authority under which the Board acted, is insufficient to satisfy the "grounds" requirement of R.C. 119.12. Berus v. Ohio Dep't. Of Admin. Services, Franklin App. No. 04AP-1196, 2005 Ohio 3384.
 The Second District also explained that the "grounds" requirement in R.C. 119.12 required an appellant to "set forth facts sufficient on their face to show how the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. Otherwise, the agency is not put on notice of the claim or claims against which it must defend." Green at P13. *Page 7 
 While we agree with the holding in Green — the notice of appeal did not state the grounds for the appeal, and that defect deprived the trial court of jurisdiction over the appeal — we do not agree with the court's explanation of R.C. 119.12
requirements.
Id. at ¶ 15-17.
 {¶ 12} Thus, contrary to ODJFS's contention, this court has declined to adopt a requirement that an appellant set forth specific facts to support the grounds for appeal required by R.C. 119.12.[2] We find the notice of appeal at issue currently before us did, like that inDerakhshan, set forth grounds for the appeal sufficient to invoke the jurisdiction of the trial court.[3] Consequently, we overrule appellant's first assignment of error.
 {¶ 13} In its second assignment of error, ODJFS contends the trial court erred in determining that ODJFS should have used an expanded sample size. In an administrative appeal pursuant to R.C. 119.12, the common pleas court considers the entire record and determines whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Univ. of Cincinnati v.Conrad (1980), 63 Ohio St.2d 108, 110-111. The common pleas court's "review of the *Page 8 
administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" Lies v.Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews v.Bd. of Liquor Control (1955), 164 Ohio St. 275, 280. Furthermore, even though the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, the agency's findings are not conclusive. Univ. of Cincinnati, supra, at 111. If the court, in its appraisal of the evidence, determines that there exist legally significant reasons for discrediting certain evidence relied upon by the administrative body, and necessary to its determination, the court may reverse, vacate or modify the administrative order. Id.
 {¶ 14} On appeal to this court, the standard of review is more limited. Unlike the common pleas court, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village SchoolDist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the common pleas court's determination that the agency's order is supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the common pleas court abused its discretion. Roy v. Ohio State Med. Bd. (1992),80 Ohio App.3d 675, 680. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. However, on the question of whether the agency's order is in accordance with law, this court's review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. StateEmp. Relations Bd. (1992), 63 Ohio St.3d 339, 343. *Page 9 
 {¶ 15} In Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570,
571, the court defined the evidence required by R.C. 119.12 as follows:
 * * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
Id. (Footnotes omitted).
 {¶ 16} As previously indicated, during the audit process, SURS extrapolated the results of the review of the preliminary 48 sample claims to the entire universe of 10,462 claims. According to Medcorp, this methodology is not provided for in the Case Review Procedure Manual ("the manual"), that was developed by Dr. Melvin Moeschberger for ODJFS, and has been judicially determined to satisfy constitutional requirements of due process. ODJFS asserts that the audit was done in this manner because present here is the rare instance where all of the preliminary 48 claims were disallowed.
 {¶ 17} Section VI of the manual describes SURS use of "the statistical procedure known as random sampling to review a small portion of the larger group of Medicaid reimbursed services provided and to make inferences from the sampled portion to the larger universe in accordance with Standard Statistical Inferential Methods." From this method, it is determined what amount of services was incorrectly reimbursed and then the amount of incorrectly reimbursed services is projected to the larger group of services. Specifically, the manual states:
 The procedure to be used by the [SUR] divides the review into the preliminary sample and the expanded sample. In the preliminary sample, a total of 48 claims are randomly selected *Page 10 
from a universe of all the claims paid to a provider for a predetermined time frame being reviewed. Based on the results of the preliminary sample, a decision is made by the analyst and supervisor to either not extend the sample and take a straight finding or to extend the sample size and project the findings for the entire universe.
 {¶ 18} The manual continues with specific instructions regarding the "Sampling Procedure." Under subsection C of Section VI, Step 3 of the five-step process fixes the preliminary sample at 48. Step 4 instructs that from the results of the preliminary sample, if "the decision is made to go to an expanded sample, the additional number of samples needed would be calculated * * *." Step 5 outlines the procedure to calculate the additional number of samples needed for the expanded sample. Subsection D provides a nine-step procedure for determining the "Calculation of Findings." It provides that "[a]fter the records for theentire sample have been obtained and a determination reached on whether a claim is appropriate or excepted, it is necessary to statistically evaluate the resulting data and project a monetary finding." (Emphasis added.) When discussing the calculations, subsection D consistently refers to the size of the "entire sample" and the results of the "entire sample." Chapter VI(D)(9) states:
 In rare instances when most of the items sampled are disallowed, the mean estimate may be more than the total amount paid to the provider. In that instance, the estimated total disallowance can be calculated by using the following formula * * *
 {¶ 19} In this case, it is undisputed that ODJFS went directly to Chapter VI(D)(9) and did not calculate an expanded sample as provided for Chapter VI(C). According to ODJFS, Dr. Moeschberger explained that the method utilized here, though not expressly provided for in the manual, is impliedly provided for, and is known as a "second methodology." Acknowledging that it is rare to use the "second methodology," Dr. *Page 11 
Moeschberger explained it was also rare to have an instance, such as this, where all of the claims at issue in the preliminary sample are entirely disallowed. Therefore, it is ODJFS' position that Dr. Moeschberger's testimony provided reliable, probative and substantial evidence upon which the director could rely and the trial court abused its discretion in finding the director's order was not supported by the same.
 {¶ 20} Dr. Warren B. Bilker, Medcorp's expert disagreed with Dr. Moeschberger. According to Dr. Bilker, the results of the preliminary sample of 48 were simply insufficient to extrapolate to the entire universe of 10,462 claims. Dr. Bilker further testified that the method used here, and testified to by Dr. Moeschberger, is not provided for in the manual.
 {¶ 21} The trial court reviewed not only the extrapolation methodology, but also reviewed the claims that were disallowed. The trial court agreed with the hearing examiner that not 100 percent of all the preliminary 48 claims were improper. On appeal to this court, ODJFS takes issue only with that regarding the expanded sample and extrapolation.[4]
 {¶ 22} The hearing examiner determined that a total disallowance of the preliminary sample was in error; therefore, the situation explained by Dr. Moeschberger, i.e., that obviating the need to compute an expanded sample, is not present. On this basis, the hearing examiner found the sample size was insufficient and created a risk of erroneous deprivation of a private property interest and deprived Medcorp of its right to due process. In contrast, the director found Dr. Moeschberger's testimony persuasive, *Page 12 
and concluded the manual does contain two statistical sampling methodologies. Under the facts contained herein, the director found that the results of the preliminary 48 samples could be extrapolated to the entire universe of paid claims for the audit period.
 {¶ 23} Contrary to the director, the trial court found that though the manual may give some leeway on the audit procedure, and that due process may not be violated where the provider agrees to allow sampling to be used instead of a full review, "the manual did not contemplate this type of circumlocution of [an] extended sample" and that Dr. Moeschberger's testimony is "at odds" with the manual's actual language. (Decision at 10-11.) Thus, the trial court found Dr. Moeschberger's testimony did not provide reliable, probative and substantial evidence and that the agency's order was not in accordance with law. Upon review of the record, we cannot find the trial court abused its discretion in this instance.
 {¶ 24} ODJFS suggests the trial court failed to give due deference to the director's resolution of evidentiary conflicts. However, the trial court expressly made its findings in light of "according due deference to the Director." (Decision at 10.)
 {¶ 25} As found by the trial court, the manual does not suggest it would be appropriate to apply the results of a preliminary sample to the entire universe of claims without using an expanded sample, and Dr. Bilker's testimony supported this reading of the manual. Though Dr. Moeschberger testified to the contrary, given the trial court's determination that the manual itself refuted Dr. Moeschberger testimony, this is not, as ODJFS suggests, merely a matter of deciding which expert opinion to follow. Rather it is the trial court reviewing the administrative record and finding that, based on the record as a whole, the agency order is not in accordance with law or supported by reliable, *Page 13 
probative and substantial evidence. Such is precisely the process required to be undertaken. Univ. of Cincinnati, supra (noting that an agency's resolution of evidentiary conflicts is not conclusive). Upon review, we are unable to find an abuse of the trial court's discretion. Accordingly, we overrule appellant's second assignment of error.
 {¶ 26} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BROWN and TYACK, JJ., concur.
[1] ODJFS additionally argued in its merit brief that the trial court lacked subject-matter jurisdiction over this appeal because Medcorp did not file a bond as required by R.C. 2505.06. However, as noted by Medcorp, a motion for a reduced bond was pending at the time the trial court rendered its decision on the merits. Further, it appears ODJFS has since abandoned this argument.
[2] We are mindful that Derakhshan did not discuss David DayMinistries as the two decisions were rendered in close proximity. However, in Derakhshan, this court denied a motion to reconsider based on David Day Ministries; therefore, we find Derakhshan instructive on the matter at hand.
[3] ODJFS also suggests this court's decision in CHS-Windsor supports its position. However, in CHS-Windsor, this court found the original notice of appeal, which stated in part that the order "is not in accordance with law in that it is not a "Final Order" as required by state law because it purports to exclude any collection of amounts which may be owed to the Department as a result of a certain audit identified within the Adjudication Order" did not set forth grounds for appeal in accordance with R.C. 119.12 sufficient to invoke the jurisdiction of the trial court. Id. at ¶ 10. The amended notice of appeal, which this court stated "added both the correct day of the adjudication order and, as grounds for the appeal * * * that the order `is not based on substantive, reliable or probative evidence[.]'" However, because the amended notice of appeal was filed after the 15-day period allowed for amendments, this court stated it did not consider the amended notice of appeal. We find nothing to suggest the extension of CHS-Windsor would be to find that the notice of appeal at issue here fails to set forth grounds for appeal in accordance with R.C. 119.12 sufficient to invoke the jurisdiction of the trial court. This is so particularly in light of our more recent decision in Derakhshan.
[4] In its appendix, Medcorp attached an Ohio Inspector General Report dated January 26, 2005. The trial court declined to consider it, finding it was not permitted to be considered on appeal. Similarly, we decline to consider it as well. *Page 1