[Cite as *T & M Machines, L.L.C. v. Atty. Gen.*, 2020-Ohio-551.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| T & M Machines, LLC et al., | : | |
| Plaintiffs-Appellants, | : | No. 19AP-124 |
| | | (C.P.C. No. 18CV-1135) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [Dave Yost] Attorney General of Ohio et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on February 18, 2020

**On brief**: *Donald J. Malarcik*, for appellants.

**On brief**: *Dave Yost*, Attorney General, *Matthew T. Green*, and *C. Patrick Denier*, for appellee Attorney General of Ohio Dave Yost. **Argued**: *Matthew T. Green.*

**On brief**: *Dave Yost*, Attorney General, *Charles E. Febus*, and *Joseph E. Schamansky*, for appellees Ohio Department of Public Safety and Ohio Liquor Control Commission. **Argued**: *Joseph E. Schamansky*.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiffs-appellants, T & M Machines, LLC ("T & M Machines"), T & M Merchandising, Inc. ("T & M Merchandising"), and Loyal Order of Moose, Middletown Lodge No. 501 (the "Moose Lodge") (collectively "appellants"), appeal from a judgment of the Franklin County Court of Common Pleas granting the Civ.R. 12(B)(1) and (6) motions to dismiss of defendants-appellees, Ohio Attorney General ("OAG"), Ohio Department of

Public Safety ("ODPS"), and Ohio Liquor Control Commission ("OLCC"). For the following reasons, we affirm.

## I.  Facts and Procedural History

{¶ 2}   Appellant T & M Machines filed a complaint on February 6, 2018 against OAG and OLCC in the common pleas court.  Count 1 seeks a declaratory judgment that certain Electronic Raffle Machines ("ERMs") which are leased to various charitable organizations by T & M Machines are "raffles" permitted to be used by charitable organizations, pursuant to R.C. 2915.092, and not a "scheme of chance" prohibited by R.C. 2915.02(A)(2).  Count 1 also seeks a declaration that the ERMs are not gambling devices prohibited by Ohio Adm.Code 4301:1-1-53.  Count 2 seeks preliminary and permanent injunctions enjoining the OAG and OLCC from taking criminal, civil, and/or administrative action against the use of ERMs.  The original complaint was also accompanied by a motion for a temporary restraining order, which was denied by the trial court.

{¶ 3}   Subsequently, on April 4, 2018, an amended complaint was filed.  The amended complaint added T & M Merchandising and the Moose Lodge as plaintiffs and added ODPS as a defendant, but otherwise seeks the same relief as that requested in the original complaint.

{¶ 4}   According to the amended complaint, Moose Lodge is a 501(c)(3) non-profit fraternal organization holding a liquor license issued by the OLCC and bingo licenses issued by the OAG.  The Moose Lodge uses ERMs for charitable fundraising purposes. T & M Machines leases ERMs to qualified veteran and fraternal organizations in Ohio, including the Moose Lodge.  T & M Merchandising holds a license issued by the OAG to manufacture and distribute bingo supplies.  T & M Merchandising also manages and services ERMs, and manages the revenue generated by ERMs.

{¶ 5}   It is further alleged in the amended complaint that on March 23, 2018, ODPS issued a warning to the Moose Lodge regarding its use of ERMs and threatened criminal, civil, and/or administrative action against the Moose Lodge if it continued to use ERMs. It is alleged that ODPS charged another charitable organization with gambling offenses

related to the use of very similar or identical ERMs leased by T & M Merchandising[1] in *State (ODPS) v. Fraternal Order of Eagles*, Clinton Cty. M.C. No. CRB1601342A. Appellants assert that because the ERMs they provide, manage, service, and/or use are similar if not identical to those used by the Eagles in the Clinton County case, the Moose Lodge faces a real threat of criminal, civil, or administrative action by ODPS in addition to the threat of having its liquor license and/or bingo license revoked by OLCC and/or the OAG, respectively.

{¶ 6} On April 18, 2018, OAG filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6). OLCC and ODPS filed a similar joint motion to dismiss on May 9, 2018.

{¶ 7} On February 6, 2019, the trial court issued a decision and entry granting the motions to dismiss. The court concluded the claims of appellants were premature and, therefore, not justiciable. The court further concluded appellants' claims were subject to dismissal for failure to exhaust administrative remedies. This timely appeal of the trial court's judgment followed.

## II. Assignment of Error

{¶ 8} Appellants assign the following sole error for our review:
> The Trial Court erred in granting Appellees' Motion[2] to Dismiss
> Appellants' Amended Verified Complaint.


## III. Law and Analysis
### A. Standard of Review

{¶ 9} Appellants assert the trial court erred in granting the motions to dismiss, which were filed pursuant to Civ.R. 12(B)(1) and (6). Civ.R. 12(B)(1) requires dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. A court presented with a motion to dismiss for lack of subject-matter jurisdiction must determine whether the complaint states any cause of action cognizable by the forum. *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989); *PNC Bank, N.A. v. Botts*, 10th Dist. No.

---

[1] Based upon the allegations in paragraphs 3 and 10 of the amended complaint, that appellant T & M Machines is the entity that leases the ERMs to qualified veteran and fraternal organizations, it appears appellants meant T & M Machines, not T & M Merchandising.

[2] As noted above, notwithstanding appellants' reference in the singular form, there were two separate motions to dismiss filed: one filed by OAG on April 18, 2018 and one filed by OLCC and ODPS jointly on May 9, 2018.

12AP-256, 2012-Ohio-5383, ¶ 21. Subject-matter jurisdiction is " 'a condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.' " *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998); *State ex rel. Ohio Democratic Party v. Blackwell,* 111 Ohio St.3d 246, 2006-Ohio-5202, ¶ 8. In deciding a motion to dismiss for lack of subject-matter jurisdiction, the trial court may consider evidence outside of the complaint. *Brown v. Ohio Tax Commr.*, 10th Dist. No. 11AP-349, 2012-Ohio-5768, ¶ 14, citing *Cerrone v. Univ. of Toledo*, 10th Dist. No. 11AP-573, 2012-Ohio-953, ¶ 5; *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶ 10} A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim on which relief can be granted tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. The court must presume all factual allegations contained in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Ford v. Brooks*, 10th Dist. No. 11AP-664, 2012-Ohio-943, ¶ 4, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). In considering a Civ.R. 12(B)(6) motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997).

{¶ 11} When reviewing a judgment rendered on either a Civ.R. 12(B)(1) or (6) motion to dismiss, our standard of review is ordinarily de novo. *Pankey v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7; *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. However, a trial court's dismissal of a declaratory judgment action is reviewed under an abuse of discretion standard. *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, paragraph two of the syllabus, following *Bilyeu v. Motorists Mut. Ins. Co.*, 36 Ohio St.2d 35, 37 (1973).

{¶ 12} The abuse of discretion standard applies to the review of a trial court's holding regarding justiciability; however, once a trial court determines that a matter is

appropriate for declaratory judgment, its holding regarding questions of law are reviewed on a de novo basis. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 13; *Youngstown City School Dist. Bd. of Edn. v. State*, 10th Dist. No. 17AP-775, 2018-Ohio-2532, ¶ 8. The abuse of discretion standard likewise applies to the review of a trial court's dismissal of a declaratory judgment action based on the conclusion that proceeding with the action would have been improper because the plaintiff failed to exhaust its administrative remedies. *One Energy Ents., LLC v. Ohio Dept. of Transp.*, 10th Dist. No. 17AP-829, 2019-Ohio-359, ¶ 57, citing *SP9 Ent. Trust v. Brauen*, 3d Dist. No. 1-14-03, 2014-Ohio-4870, ¶ 14, citing *Arnott* at ¶ 13.

{¶ 13} An abuse of discretion connotes more than an error of law or judgment; it implies that the court's action was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "An appellate court may find an abuse of discretion when the trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.' " *Bellamy v. Montgomery*, 10th Dist. No. 11AP-1059, 2012-Ohio-4304, ¶ 7, quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶ 15 (8th Dist.).

{¶ 14} As noted previously, the trial court's decision granting the motions to dismiss was based on two grounds: one, appellants' claims were not ripe for review and, therefore, not justiciable in nature; and two, appellants failed to exhaust their administrative remedies prior to filing their action for declaratory judgment. We address each of these grounds in turn as follows.

**B. Declaratory Judgment — Justiciability and Ripeness**

{¶ 15} A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available. *Victory Academy of Toledo v. Zelman*, 10th Dist. No. 07AP-1067, 2008-Ohio-3561, ¶ 8, citing *Aust v. Ohio State Dental Bd.*, 136 Ohio App.3d 677, 681 (10th Dist.2000). R.C. Chapter 2721, the Declaratory Judgments Act, is remedial in nature; its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations and it is to be liberally construed and administered. *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.*, 51 Ohio St.3d 131, 134 (1990), citing *Radaszewski v. Keating*, 141 Ohio St. 489, 496 (1943).

{¶ 16} R.C. 2721.03 provides that any person "whose rights, status, or other legal relations are affected by a constitutional provision, statute, [or] rule" may have determined "any question of construction or validity arising under the instrument, constitutional provision, statute, [or] rule * * * and obtain a declaration of rights, status, or other legal relations under it." Thus, the construction and interpretation of statutes is a recognized function of declaratory action. *Town Ctrs. Ltd. Partnership v. Ohio State Atty. Gen.*, 10th Dist. No. 99AP-689 (Apr. 4, 2000). The essential elements for declaratory relief are: (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties. *Aust* at 681.

{¶ 17} For a real controversy to exist so as to satisfy the first element, "there must be a 'genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Town Ctrs.*, quoting *Wagner v. Cleveland*, 62 Ohio App.3d 8, 13 (8th Dist.1988). As for the second element, a controversy is justiciable when it presents "issues that are ripe for judicial resolution and which will have a direct and immediate impact on the parties." *Cristino v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 13AP-772, 2014-Ohio-1383, ¶ 22, citing *Stewart v. Stewart*, 134 Ohio App.3d 556, 558 (4th Dist.1999). The United States Supreme Court developed the following two-prong test to determine whether a controversy is justiciable in character: "first to determine whether the issues tendered are appropriate for judicial resolution, and second to assess the hardship to the parties if judicial relief is denied at that stage." *Toilet Goods Assn., Inc. v. Gardner*, 387 U.S. 158, 162 (1967). Ripeness is a question of timing, and the "ripeness doctrine seeks to prevent courts from engaging in premature adjudication." *Johnson v. Ferguson-Ramos*, 10th Dist. No. 04AP-1180, 2005-Ohio-3280, ¶ 22, citing *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 89 (1998). Such "premature claims are not 'justiciable.' " *Id.*, quoting *Stewart* at 558.

{¶ 18} We have previously stated that in determining whether an issue is ripe for review, a court must weigh the following: (1) the likelihood that the alleged future harm will occur, (2) the likelihood that delayed review will cause hardship to the parties, and (3) whether the factual record is sufficiently developed to provide fair resolution. *State ex rel. Keller v. Columbus*, 164 Ohio App.3d 648, 2005-Ohio-6500, ¶ 20 (10th Dist.), citing *Ohio Forestry Assn., Inc. v. Sierra Club*, 523 U.S. 726 (1998). "In general, a claim

that rests upon future events that may not occur at all, or may not occur as anticipated, is not considered ripe for review." *Id.*, citing *Eagle Fireworks, Inc. v. Ohio Dept. of Commerce*, 4th Dist. No. 03CA28, 2004-Ohio-509, citing *Texas v. United States*, 523 U.S. 296 (1998).

{¶ 19} In this case, appellants assert the controversy between themselves and appellees is a real one, justiciable in nature and therefore ripe for review, because appellees have taken a definitive position on the use of ERMs in the case *Ohio Veterans & Fraternal Charitable Coalition v. Attorney General of Ohio* (the "OVFCC Litigation"), which is currently pending before the Supreme Court of Ohio.[3] Appellants argue that because ERMs they use are identical to ERMs at issue in the OVFCC Litigation, the position taken by appellees in that case results in actual harm to appellants because they are " 'next in line' to be targeted for their use of the same machines used by OVFCC." (Appellant's Brief at 17-18.)

{¶ 20} Yet, as the trial court correctly observed, the final position of appellees regarding ERMs leased, managed, and/or owned by appellants in this case is currently unknown as there is no evidence in the record showing whether ERMs used by appellants are identical, or even substantially similar, to those at issue in the OVFCC Litigation. Furthermore, even if ERMs used by appellants are assumed to be identical to those at issue in the OVFCC Litigation, at best the harm alleged by appellants is premised on "future events that may not occur at all, or may not occur as anticipated." *Keller* at ¶ 20. Such future events cannot form the basis for a claim that is ripe for judicial review. *Id.*

{¶ 21} Moreover, as the trial court also correctly observed, even if it is true that appellants might be "next in line" to be targeted by appellees in an action to revoke or suspend appellants' bingo and/or liquor licenses, there would be no delayed review causing hardship to appellants. This is so because it is undisputed that any revocation or suspension of those licenses is subject to administrative review.

{¶ 22} Thus, the trial court correctly determined that appellants' claims for declaratory judgment and injunctive relief were premature, and the trial court's finding that the present case did not present a real or justiciable controversy because it was not ripe for review was not an abuse of discretion.

---

[3] The OVFCC Litigation has been assigned Case No. 2019-0016 in the Supreme Court of Ohio.

### C. Declaratory Judgment — Doctrine of Exhaustion

{¶ 23} In addition to the requirement that a claim be ripe prior to its being suitable for declaratory adjudication, a plaintiff is not entitled to declaratory relief where a direct appeal to the common pleas court of the declaration sought exists from the administrative process. *Schomaeker v. First Natl. Bank of Ottawa*, 66 Ohio St.2d 304, 310-12 (1981). This is known as the doctrine of exhaustion, which "requires a person to exhaust administrative remedies before seeking relief from the judicial system." *Brown v. Levin*, 10th Dist. No. 11AP-349, 2012-Ohio-5768, ¶ 25, citing *Derakhshan v. State Med. Bd. of Ohio*, 10th Dist. No. 07AP-261, 2007-Ohio-5802, ¶ 23. The purpose of the doctrine " 'is to allow an administrative agency to apply its expertise in developing a factual record without premature judicial intervention in administrative processes.' " *Id.*, quoting *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 111 (1990); s*ee also Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938) ("the long settled rule of judicial administration [is] that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted"). Thus, where an administrative proceeding is applicable to a particular action, a plaintiff "is not entitled to a declaratory judgment where failure to exhaust administrative remedies is asserted and maintained." *Schomaeker* at paragraph three of the syllabus (holding that declaratory relief was unavailable where the plaintiff-landowner was "entitled under R.C. Chapter 2506 to appeal the order of a planning commission granting a variance").

{¶ 24} Notwithstanding the foregoing, a plaintiff need not exhaust administrative remedies prior to instituting a declaratory judgment action "if there is no administrative remedy available which can provide the relief sought, * * * or if resort to administrative remedies would be wholly futile." *Karches v. Cincinnati,* 38 Ohio St.3d 12, 17 (1988), citing *Kaufman v. Newburgh Hts.*, 26 Ohio St.2d 217 (1971), and *Glover v. St. Louis-San Francisco Ry. Co.*, 393 U.S. 324 (1969). *See also State ex rel. Teamsters Local Union No. 436 v. Bd. of Cty. Commrs.,* 132 Ohio St.3d 47, 2012-Ohio-1861, ¶ 24 (noting "parties need not pursue their administrative remedies if doing so would be a futile or a vain act"). Additional exceptions to the doctrine of exhaustion of administrative remedies include if the available remedy is onerous or unusually expensive, or if the plaintiff is contesting the

validity or constitutionality of a statute. *Karches* at 17; *Fairview Gen. Hosp. v. Fletcher*, 63 Ohio St.3d 146, 149 (1992).

{¶ 25} Here, appellants assert they need not exhaust their administrative remedies because two of the foregoing exceptions apply: first, because appellees have taken a definitive position regarding the ERMs in the OVFCC Litigation, pursuing administrative avenues for relief would be wholly futile; and second, pursuing administrative remedies would be onerous and unusually expensive. We are not persuaded by these arguments for the following reasons.

{¶ 26} As discussed in the foregoing section, the OVFCC Litigation is currently pending before the Supreme Court. Unless and until that court issues a decision on the matter, the final position of appellees regarding the ERMs at issue in that case is unknown. In the absence of a final position on the part of appellees in that matter, appellants' contention that pursuing administrative remedies would be a futile or vain act lacks merit.

{¶ 27} Likewise, appellants' assertion that pursuing administrative remedies would be onerous and unusually expensive is unfounded. As the trial court observed, if appellants are truly concerned about expense, they are free to await the decision rendered by the Supreme Court in the OVFCC Litigation. Furthermore, the parties agree that at the time appellants filed their complaint in the within matter, appellants were already involved in active administrative proceedings with ODPS which raise the same issues as those raised in this matter. Thus, as the trial court aptly pointed out, it is not the pursuit of administrative remedies which will result in onerous and unusual expense for appellants; rather, it is the pursuit of the instant action which will do so.

{¶ 28} Based on the foregoing, the trial court's conclusion that appellants failed to exhaust their administrative remedies prior to filing their claim for declaratory judgment and that none of the exceptions to the exhaustion doctrine applied in this case was not an abuse of discretion.

{¶ 29} In summation, the trial court did not abuse its discretion when it found the claims of appellants were premature, not ripe for review, and therefore not justiciable. Neither did the trial court abuse its discretion when it found appellants' claims were subject to dismissal for failure to exhaust administrative remedies. Therefore, it was not

error for the trial court to grant the motions to dismiss, and we overrule appellants' sole assignment of error.

## IV.  Disposition

{¶ 30} For the foregoing reasons, we find the trial court did not err in dismissing appellants' claims for declaratory relief and injunctive relief.  Accordingly, we overrule appellants' sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and DORRIAN, J., concur.

_____