IN RE APPEAL OF STOCKER.

[Cite as In re Appeal of Stocker, 16 Ohio App. 2d 66.]

(No. 715—Decided November 6, 1968.)

*Mr. R. E. Boller, Jr.,* for appellant Gary W. Stocker.
*Mr. William B. Saxbe,* attorney general, and *Mr. William J. Lee,* for appellee Ohio State Medical Board.

GUERNSEY, P. J. The appellant, Gary W. Stocker, a holder of a certificate to practice the limited medical branch of chiropractic, was cited on January 26, 1967, by the Ohio State Medical Board to appear at an adjudication hearing to determine whether his license "should be suspended or revoked for an alleged violation * * * of the provisions of 4731.22 (A) in the following respects: 1. You, Gary W. Stocker, did employ Doerty Printing Company of Findlay, Ohio, for the solicitation and securing of patients by advertising appearing in the T-V Time, issue of December 29, 1966 to January 4, 1967."

Upon hearing, the only evidence adduced was the issue of the TV Time in which the advertisement referred to in the complaint appeared together with the admissions of Dr. Stocker that he did "submit this ad to Doerty Printing Company for publication," and that he did "employ Doerty Printing Company" to run the ad for him. No evidence was adduced as to the circulation of the TV Time or to the manner in which it was circulated, but it appears on its face to be a small paper devoted primarily to television news and programming, containing many commercial advertisements, with some provision printed on the outside thereof for mailing to "Rural Route, Star Route or Post Office Boxholder," or for addressing to "Occupant." Upon this evidence the board approved and confirmed the finding and order of its member who held the hearing as follows:

"The evidence presented clearly proves that Gary W.

Stocker employed the Doerty Printing Company of Findlay, Ohio for the solicitation and securing of patients by advertising appearing in the T-V Time, issue of December 29, 1966 thereby violating Section 4731.22 (A), R. C. which defines grossly unprofessional or dishonest conduct as the employing of any capper, solicitor, or drummer for the purpose of securing patients.

"* * *

"*ORDER*

"That the license of Gary W. Stocker, D. C., to practice chiropractic be and is hereby suspended indefinitely."

Upon appeal to the Common Pleas Court of Hancock County that court found the State Medical Board's order supported by reliable, probative and substantial evidence, and in accordance with law, and affirmed same. It is from this judgment that this appeal has been taken, the appellant assigning as error (1) that the board and the Common Pleas Court erred in finding that Section 4731.-22 (A), Revised Code, applies to newspaper advertising, and (2) that the board failed to prove and the Court of Common Pleas erred in finding that appellant employed a solicitor. We will consider these assignments of error together.

Section 4731.22, Revised Code, in the form in which it existed at the time of this citation, and as pertinent to our determination of this appeal, provided:

"The state medical board may refuse to grant a certificate to a person * * * at any time guilty of * * * grossly unprofessional or dishonest conduct * * * .

" 'Grossly unprofessional or dishonest conduct' as used in this section means:

"(A) The employing of any capper, solicitor, or drummer for the purpose of securing patients, * * *;

"* * * .

"(C) All advertising of medical practice in which extravagantly worded statements intended, or having a tendency to deceive and defraud the public are made, or where specific mention is made in such advertisements of tuberculosis, consumption, cancer, Bright's disease, kidney dis-

ease, diabetes, or of venereal diseases or diseases of the genito-urinary organs;

"* * * *.

"The board, by a vote of not less than five members, may revoke or suspend a certificate for like cause."

It will be observed by reference to subparagraph (C) of Section 4731.22, Revised Code, that advertising, in and of itself, does not constitute grossly unprofessional or dishonest conduct, but only if it makes extravagantly worded statements having a tendency to deceive and defraud or makes mention of certain diseases set forth in that subparagraph. It must necessarily follow from this that any other advertising by a doctor of chiropractic is not, in and of itself, prohibited or in any wise limited by Section 4731.-22, Revised Code. We must conclude, therefore, that the grossly unprofessional or dishonest conduct proscribed by subparagraph (A) is not advertising, per se, but solely the *"employing of any capper, solicitor, or drummer* for the purpose of securing patients." (Emphasis added.)

In the instant case Dr. Stocker admitted that he employed Doerty Printing Company to "run" the advertisement for him. It may fairly be inferred that this was done for the purpose of securing patients. However, the issue remains whether such publication constitutes Doerty Printing Company a capper, solicitor, or drummer.

In the context of Section 4731.22 (A), Webster's Third New International Dictionary includes the following definitions:

Capper—"a lure, decoy, or steerer esp. in some illicit or questionable activity: Shill."

Drummer—"Traveling Salesman."

Solicitor—"one that solicits."

Solicit—"to strongly urge * * * ; insist upon."

Obviously there was no evidence adduced before the medical board that the Doerty Printing Company was a capper or drummer, as so defined.

In 81 Corpus Juris Secundum 389, the word "solicitor" is defined as "a term which applies to all individuals who are engaged or employed specially for the purpose of soli-

citing, importuning, or entreating for the purchase of goods, etc.," and at page 388 it is said that "the term 'solicit' implies personal petition and importunity addressed to a particular individual to do some particular thing," and that "while it does imply a serious request, it requires no particular degree of importunity, entreaty, imploration or supplication."

Examination of the advertisement, and the newspaper in which same was inserted here, discloses that any solicitation appearing in the advertisement appeared over the name of Dr. Stocker, and there is nothing in the advertisement or elsewhere in the newspaper in which it appeared showing that the Doerty Printing Company was personally petitioning, importuning, entreating, imploring or supplicating anyone to become a patient of Dr. Stocker. The soliciting, if any, was being done by Dr. Stocker, and not by the printing company which was merely communicating his message to the readers of its publication.

It is, therefore, our opinion that there is no evidence in the record of the proceedings before the State Medical Board showing that the Doerty Printing Company was a solicitor employed by Dr. Stocker for the purpose of securing patients, and for this reason the order of the board suspending his certificate, or license, was not supported by reliable, probative, and substantial evidence, and was not in accordance with law, and that the Common Pleas Court committed error prejudicial to the appellant, Dr. Stocker, in not so finding and in not reversing and vacating the order of the State Medical Board.

The State Medical Board has assigned as error that the Common Pleas Court should have dismissed the appeal to it for the reason that the notice of appeal did not set forth the grounds of the appeal as prescribed by Section 119.12, Revised Code. Ordinarily such an assignment of error might be considered by this court under the provisions of Section 2505.22, Revised Code, only when necessary to prevent a reversal of the judgment under review. *Parton* v. *Weilnau*, 169 Ohio St. 145. Sustaining appellee's assignment would not prevent reversal by way of af-

firmance, but would itself result in the reversal and vacation of the judgment of the Common Pleas Court by reason of its lack of jurisdiction to entertain the appeal from the order of the medical board. However, since the assignment of error of the appellee pertains to the initial jurisdiction of the Common Pleas Court to entertain such appeal and our derivative jurisdiction to entertain the appeal from the judgment of the Common Pleas Court, which issues of jurisdiction may be raised at any time, we may consider such assignment of error independently of the provisions of Section 2505.22, Revised Code. In our opinion, since the grounds of an appeal from an administrative board may be simply stated in the operative words of Section 119.12, Revised Code, that the order appealed from is not supported by reliable, probative, and substantial evidence, and/or is not in accordance with law, the requirement that the notice of appeal should, in effect, restate those statutory grounds is not a jurisdictional requirement so as to deprive the Common Pleas Court of its appellate jurisdiction when such grounds are not stated. This conclusion is in accord with the liberal interpretations of the requirements of Section 2505.05, Revised Code, applicable to notices of appeal under the Appellate Procedure Act.

We conclude that the judgment of the Common Pleas Court affirming the order of the State Medical Board should be reversed and vacated, and that this court should render the judgment the Common Pleas Court should have rendered and reverse and vacate the order of the State Medical Board.

*Judgment accordingly.*

Smith and Cole, JJ., concur.

Smith, J., of the Sixth Appellate District, sitting by designation in the Third Appellate District.