MEDCORP, INC., APPELLEE, *v*. OHIO DEPARTMENT OF JOB AND FAMILY

SERVICES, APPELLANT.

[Cite as *Medcorp, Inc. v. Ohio Dept. of Job & Family Servs.*,

121 Ohio St.3d 622, 2009-Ohio-2058.]

*To satisfy the "grounds of the party's appeal" requirement in R.C. 119.12, parties*

*appealing under that statute must identify specific legal or factual errors*

*in their notices of appeal.*

(Nos. 2008-0584 and 2008-0630 — Submitted January 21, 2009 — Decided

May 7, 2009.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County,

No. 07AP-312, 2008-Ohio-464.

_____

SYLLABUS OF THE COURT

To satisfy the "grounds of the party's appeal" requirement in R.C. 119.12, parties

appealing under that statute must identify specific legal or factual errors in

their notices of appeal.

_____

**MOYER, C.J**.

**I**

**{¶ 1}** The Tenth District Court of Appeals certified this case pursuant to

Section 3(B)(4), Article IV of the Ohio Constitution and App.R. 25, concluding

that its judgment is in conflict with the judgment of the Second District Court of

Appeals in *David May Ministries v. State ex rel. Petro*, Greene App. No. 2007 CA

1, 2007-Ohio-3454, on the following issue: "Does R.C. 119.12's 'grounds'

requirement, which provides that a notice of administrative appeal must state the

'grounds' for the appeal, require an appellant to specify something beyond

restating the statutory formula that the order appealed from is 'not in accordance with law and is not supported by reliable, probative, and substantial evidence?' " We accepted the discretionary appeal of the Ohio Department of Job and Family Services on the same issue and consolidated the cases. 118 Ohio St.3d 1431, 2008-Ohio-2595, 887 N.E.2d 1201.

{¶ 2} For the following reasons, we answer the certified question in the affirmative and reverse the judgment of the court of appeals. We hold that parties filing an appeal under R.C. 119.12 must identify specific legal or factual errors in their notices of appeal, not simply restate the standard of review for such orders.

**II**

{¶ 3} Appellee, Medcorp, Inc., is a medical-transport company that provides ambulance and ambulette services to qualified Medicaid patients. Upon an audit of the claims that Medcorp had submitted in 1996 and 1997, the Ohio Department of Job and Family Services disallowed all the claims that had been paid. The department subsequently ordered Medcorp to repay $534,719.27 that the department had paid to Medcorp for the disallowed claims.

{¶ 4} Medcorp appealed the department's order to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. Medcorp's notice of appeal stated:

{¶ 5} "Pursuant to sections 119.12 and 5111.06 of the Ohio Revised Code, Medcorp, Inc., by and through counsel, hereby appeals from the Adjudication Order issued by the Ohio Department of Job and Family Services dated April 19, 2006 * * *. The Adjudication Order is not in accordance with law and is not supported by reliable, probative, and substantial evidence."

{¶ 6} The department filed a motion to dismiss the appeal, arguing that Medcorp's notice of appeal failed to state the grounds upon which its appeal was based, as required by R.C. 119.12, and therefore did not properly invoke the trial

court's jurisdiction. Rather than ruling on the motion to dismiss, the trial court issued a decision on the merits of the appeal and reversed the department's order.

{¶ 7} The department appealed to the Franklin County Court of Appeals and raised the question of the trial court's jurisdiction, along with a question on the merits. The court of appeals, citing *Derakhshan v. State Med. Bd. of Ohio*, Franklin App. No. 07AP-261, 2007-Ohio-5802, concluded that Medcorp's notice of appeal set forth sufficient grounds to invoke the jurisdiction of the trial court, and it affirmed the trial court's decision on the merits.

### III

{¶ 8} Pursuant to R.C. 119.12, "[a]ny party desiring to appeal [an order of an administrative agency] shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal." The precise issue before us is what the statutory phrase "grounds of the party's appeal" requires: may an appealing party meet this burden by simply providing a general statement that the underlying order "is not in accordance with law and is not supported by reliable, probative, and substantial evidence," as Medcorp did in this case, or are more specific objections required?

{¶ 9} When construing a statute, we first examine its plain language and apply the statute as written when the meaning is clear and unambiguous. See *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. The words used must be afforded their usual, normal, and/or customary meanings. See *Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 12; R.C. 1.42.

{¶ 10} The Random House Dictionary of the English Language defines "grounds" in this context as "the foundation or basis on which a belief or action rests; reason or cause: *grounds for dismissal*." (Italics sic.) Random House Dictionary (2d Ed.1987) 843. Black's Law Dictionary provides a similar definition for "ground": "[t]he reason or point that something (as a legal claim or

argument) relies on for validity <grounds for divorce> <several grounds for appeal>." Black's Law Dictionary (8th Ed.2004) 723. These definitions support the conclusion that a "ground of the party's appeal" is the discrete reason or reasons that caused the party to appeal.

{¶ 11} Thus, to comply with R.C. 119.12, an appealing party must state in its notice of appeal the specific legal and/or factual reasons why it is appealing. The statute does not suggest that parties must present these reasons in exacting detail. Rather, parties must simply designate the explicit objection they are raising to the administrative agency's order, much in the same way that appellants in a court of appeals must assert specific legal arguments in the form of assignments of error and issues for review, App.R. 16(A)(3) and (4), and appellants in this court must advance propositions of law, S.Ct.Prac.R. III(1)(B)(4) and VI(2)(B)(4).

{¶ 12} In this case, Medcorp claimed that the department's audit determination was based on a flawed statistical-sampling methodology for which there is no provision in the department's internal procedural manuals. Thus, in its notice of appeal, Medcorp could have stated, "The department erred when it employed a flawed statistical-sampling methodology to support its audit finding against Medcorp" or "The department used a statistical-sampling methodology not provided for in its internal procedural manuals." If Medcorp believed that the department acted in contravention of a specific statute, it could have simply said, "The department's audit was not conducted in compliance with" that statute. Any of these statements could fairly be called grounds for appeal, and all would have notified the court and the department of the precise argument being advanced.

{¶ 13} Allowing a party to simply allege that the administrative order in question "is not supported by reliable, probative, and substantial evidence" and/or "is not in accordance with law" in its notice of appeal would create a result inconsistent with the clear intent driving the statute. We must avoid constructions

4

that create absurdities, see *In re T.R.*, 120 Ohio St.3d 136, 2008-Ohio-5219, 896 N.E.2d 1003, ¶ 16, and we must construe statutes so as to give effect to the General Assembly's intent in enacting them, see *Ackison v. Anchor Packing Co.*, 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118, ¶ 36.

**{¶ 14}** When a party files an appeal from an order of an administrative agency, it is already making an affirmative statement that it believes that the underlying order "is not supported by reliable, probative, and substantial evidence, and/or is not in accordance with law" because it must meet that standard to succeed on appeal under the plain language of R.C. 119.12. If we were to adopt Medcorp's position, those same, general words could be used in virtually every appeal from an administrative agency filed pursuant to the statute.

**{¶ 15}** By specifically requiring an appealing party to state the "grounds of [its] appeal" in the notice of appeal, the General Assembly clearly intended that the appealing party should provide some information supporting its conclusion that the order is not in accordance with law and is not supported by reliable, probative, and substantial evidence. If every appealing party could simply restate the standard of review applicable to all appeals without further specification, this requirement would, in effect, be excised from the statute.

**{¶ 16}** Such a construction would also create several problems. First, a boilerplate restatement of the standard of review fails to put the nonappealing party and the court on notice of the specific issues being appealed. In a case that may include thousands of pages of proceedings and multiple issues, this lack of specificity at an early stage would waste everyone's time.

**{¶ 17}** Second, R.C. 119.12 permits courts to review appeals with or without (1) ordering further comments from counsel, (2) ordering briefing, and (3) admitting additional evidence: "The court *shall conduct a hearing* on the appeal * * *. * * * The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in

accordance with the laws applicable to a civil action. At the hearing, *counsel may be heard* on oral argument, *briefs may be submitted*, and *evidence may be introduced* if the court has granted a request for the presentation of additional evidence." (Emphasis added.)

{¶ 18} This provision reveals that the administrative-appeals process was designed to give the trial court flexibility in selecting the process for resolution of the case. The court has the discretion to do as much as hold a full hearing with extensive participation from the parties or as little as review the appeal without oral argument, briefing, or additional evidence. However, this flexibility can be exercised only if the appellant identifies the alleged defects in the order or proceedings from which the appeal is taken. A general statement of factual and legal conclusions gives the trial court no guidance and essentially prevents the court from resolving the case summarily when it may be appropriate to do so (e.g., when the appellant's specific argument has recently been rejected in a controlling case). While a trial court could conceivably choose to review the entire record and identify specific errors on its own, giving proper effect to the words of the statute eliminates that necessity.

{¶ 19} Finally, several courts of appeals have held that trial courts may not dismiss administrative-agency appeals for failure to prosecute, even when the trial court orders or the local rules require the appellant to file a brief and the appellant fails to do so.[1] In these circumstances, the notice of appeal will be the trial court's only source of guidance regarding the specific issues for appeal. If the appellant has provided only a restatement of the standard of review, the trial court will be forced to waste time combing through the record to pinpoint appealable issues. It makes sense that the General Assembly would place on an

---

1. See, e.g., *Red Hotz, Inc. v. Liquor Control Comm.* (Aug. 17, 1993), Franklin App. No. 93AP-87, 1993 WL 325591; *Minello v. Orange City School Dist. Bd. of Edn.* (Dec. 16, 1982), Cuyahoga App. No. 44659, 1982 WL 2612.

appellant the burden of identifying the specific grounds of appeal to promote efficient management of the appeal.

{¶ 20} In view of these reasons and the plain language of R.C. 119.12, we hold that to satisfy the "grounds of the party's appeal" requirement in R.C. 119.12, parties appealing under that statute must identify specific legal or factual errors in their notices of appeal; they may not simply restate the standard of review. While an extensive explanation of the alleged errors is not required at that point in the proceedings, the stated grounds must be specific enough that the trial court and opposing party can identify the objections and proceed accordingly, much in the same way that assignments of error and issues for review are presented in the courts of appeals and propositions of law are asserted in this court.

{¶ 21} Medcorp failed to designate precise errors in its notice of appeal; instead, it simply reiterated the statutory standard of review, that the order was "not in accordance with law and [was] not supported by reliable, probative, and substantial evidence." This statement does not strictly comply with the plain meaning of R.C. 119.12, and thus the trial court lacked jurisdiction to consider Medcorp's appeal. See *Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47, 2007-Ohio-2877, 868 N.E.2d 246, ¶ 17-18.

## IV

{¶ 22} For the foregoing reasons, we answer the certified question in the affirmative, reverse the judgment of the court of appeals, and dismiss the cause for lack of jurisdiction.

Judgment reversed
and cause dismissed.

O'CONNOR, LANZINGER, and CUPP, JJ., concur.

PFEIFER, LUNDBERG STRATTON, and O'DONNELL, JJ., dissent.

_____

**LUNDBERG STRATTON, J**., **dissenting.**

{¶ 23} I respectfully dissent. I agree with the Tenth District Court of Appeals that Medcorp's notice of appeal set forth sufficient grounds to invoke the jurisdiction of the trial court. The plain language of R.C. 119.12 does not require an appealing party to state the "grounds of the party's appeal" with any specificity.

{¶ 24} It is our duty to enforce a statute as written and not add or subtract from the statute. *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 366, 18 OBR 419, 481 N.E.2d 613. I believe that the majority has added a degree of specificity that the General Assembly did not include in the statute. Had the General Assembly intended to require specific grounds in the notice of appeal, it could have included language in R.C. 119.12 requiring the appealing party to indicate *how* the order was not supported by reliable, probative, and substantial evidence.

{¶ 25} As the court of appeals stated in *Derakhshan v. State Med. Bd. of Ohio*, Franklin App. No. 07AP-261, 2007-Ohio-5802, "[w]hile we can appreciate appellee's desire for more detail about appellant's arguments, R.C. 119.12 only requires an appellant to 'set[ ] forth * * * the grounds of the party's appeal.' It does not require an appellant to set forth specific facts to support those grounds, and we expressly decline to adopt such a requirement." Id. at ¶ 22.

{¶ 26} R.C. 119.12 is a general statute that covers appeals from many different agencies. Thus, "[t]he language of the statute must be of a general nature to accommodate the many agencies within its purview." *Weissberg v. State,* Cuyahoga App. No. 37207 (Dec. 22, 1977). The "grounds" requirement may be met by simply stating in the operative words of R.C. 119.12 that the order appealed from "is not supported by reliable, probative, and substantial evidence, and/or is not in accordance with law." *Appeal of Stocker* (1968), 16 Ohio App.2d 66, 70, 45 O.O.2d 165, 241 N.E.2d 779.

{¶ 27} Medcorp stated its grounds for appeal in general terms. The statute requires no more than that, and I disagree with the majority's decision adopting a more stringent standard. Consequently, I would affirm the judgment of the court of appeals.

PFEIFER and O'DONNELL, JJ., concur in the foregoing opinion.

_____

**O'DONNELL, J., dissenting.**

{¶ 28} I respectfully dissent. The majority opinion takes a dramatic step away from strict statutory construction and, rather than interpreting the words used in R.C. 119.12, simply adds its own requirement to the statute, thereby creating a wholly new procedure for filing a notice of appeal in these kinds of cases.

{¶ 29} The majority also fails to set forth the degree of specificity it requires to identify a legal or factual error in a notice of appeal. Here, for example, Medcorp's notice stated that Medcorp appealed because "[t]he Adjudication Order [was] not in accordance with law and [was] not supported by reliable, probative, and substantial evidence." Is a specific statutory reference, or perhaps a case citation, necessary to meet the majority's "specific legal or factual errors" standard? Courts use standards such as "contrary to law" in all manner of cases and with good reason: the parties convey a specific legal thought with such expressions.

{¶ 30} R.C. 119.12 does not set forth the "specificity" requirement imposed by the majority. Rather, it calls for the notice of appeal to identify only the order appealed from and the "grounds" of the party's appeal. It says nothing about legal or factual errors. Thus, in my view, an appeal may be taken on procedural or constitutional grounds by using the words "not in accordance with law," as Medcorp sought to do here.

**{¶ 31}** In *Zier v. Bur. of Unemployment. Comp.* (1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E.2d 746, we held that a notice of appeal stating that the appellant appealed "in accordance with his right to appeal under Section 1346-4 of the General Code" failed to " 'set forth the decision appealed from and the *errors* therein complained of' " and therefore failed to confer jurisdiction upon the court of common pleas. (Emphasis added.) *Zier* at 124, 126-127, quoting Section 1346-4, General Code.

**{¶ 32}** However, the terms "grounds" and "errors" are not synonymous. Black's Law Dictionary (8th Ed.2004) defines "ground" as "[t]he reason or point that something (as a legal claim or argument) relies on for validity <grounds for divorce> <several grounds for appeal>." Id. at 723. In contrast, it defines "error" as "[a] mistake of law or of fact in a tribunal's judgment, opinion, or order," id. at 582, and further defines "assignment of error" as "[a] specification of the trial court's alleged errors on which the appellant relies in seeking an appellate court's reversal, vacation, or modification of an adverse judgment," id. at 129. Thus, "errors" are more specific than "grounds."

**{¶ 33}** Here, in stating that "[t]he Adjudication Order is not in accordance with law and is not supported by reliable, probative, and substantial evidence," Medcorp stated grounds for its appeal. Although it could have stated those grounds with more specificity, giving facts to demonstrate how the order was not in accordance with law and how it was not supported by the evidence, the plain language of the statute does not require it to do so.

**{¶ 34}** Tinkering with statutes as the majority has chosen to do here only complicates the practice of law for practitioners, who rely on the words used by the legislature to determine what they must do to properly file a notice of appeal. R.C. 119.12 does not require an appellant to identify a specific legal or factual error, nor does it call for a party to "designate precise errors," majority opinion at ¶ 21, in its notice of appeal. The majority's decision to insert these requirements

into this statute prevents me from joining it. I would urge the General Assembly to clarify its intent with regard to this important area of law.

PFEIFER, J., concurs in the foregoing opinion.

_____

Geoffrey E. Webster, J. Randall Richards, and Eric B. Hershberger, for appellee.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Stephen P. Carney, Deputy Solicitor, and Ara Mekhjian, Assistant Attorney General, for appellant.

_____