Lundberg Stratton, J.,
dissenting.
{¶ 23} I respectfully dissent. I agree with the Tenth District Court of Appeals that MedCorp’s notice of appeal set forth sufficient grounds to invoke the jurisdiction of the trial court. The plain language of R.C. 119.12 does not require an appealing party to state the “grounds of the party’s appeal” with any specificity.
{¶ 24} It is our duty to enforce a statute as written and not add or subtract from the statute. In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 366, 18 OBR 419, 481 N.E.2d 613. I believe that the majority has added a degree of specificity that the General Assembly did not include in the statute. Had the General Assembly intended to require specific grounds in the notice of appeal, it could have included language in R.C. 119.12 requiring the appealing party to *628 indicate how the order was not supported by reliable, probative, and substantial evidence.
{¶ 25} As the court of appeals stated in Derakhshan v. State Med. Bd. of Ohio, Franklin App. No. 07AP-261, 2007-0hio-5802, 2007 WL 3148684, “[w]hile we can appreciate appellee’s desire for more detail about appellant’s arguments, R.C. 119.12 only requires an appellant to ‘set[ ] forth * * * the grounds of the party’s appeal.’ It does not require an appellant to set forth specific facts to support those grounds, and we expressly decline to adopt such a requirement.” Id. at ¶ 22.
{¶ 26} R.C. 119.12 is a general statute that covers appeals from many different agencies. Thus, “[t]he language of the statute must be of a general nature to accommodate the many agencies within its purview.” Weissberg v. State, Cuyahoga App. No. 37207, 1977 WL 201689 (Dec. 22, 1977). The “grounds” requirement may be met by simply stating in the operative words of R.C. 119.12 that the order appealed from “is not supported by reliable, probative, and substantial evidence, and/or is not in accordance with law.” Appeal of Stocker (1968), 16 Ohio App.2d 66, 70, 45 O.O.2d 165, 241 N.E.2d 779.
{¶ 27} MedCorp stated its grounds for appeal in general terms. The statute requires no more than that, and I disagree with the majority’s decision adopting a more stringent standard. Consequently, I would affirm the judgment of the court of appeals.
Pfeifer and O’Donnell, JJ., concur in the foregoing opinion.