S & P LEBOS, INC., d.b.a. Le Bos, Appellant,

v.

OHIO LIQUOR CONTROL COMMISSION, Appellee.

[Cite as *S & P Lebos, Inc. v. Ohio Liquor Control Comm.*,
163 Ohio App.3d 827, 2005-Ohio-5424.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–174.

Decided Oct. 13, 2005.

828

Jones Law Offices, and Robyn R. Jones, for appellant.

Jim Petro, Attorney General, and William J. Cole, for appellee.

TRAVIS, Judge.

{¶ 1} This case comes before this court upon a motion for reconsideration filed by appellee, the Ohio Liquor Control Commission. Appellee seeks reconsideration of our opinion of August 30, 2005, *S & P Lebos, Inc. v. Ohio Liquor Control Comm.*, 163 Ohio App.3d 803, 2005-Ohio-4552, 840 N.E.2d 1089, which reversed the judgment of the common pleas court upon finding that the order of the commission was not in accordance with law. Appellant has not responded to the motion.

{¶ 2} App.R. 26 provides for the filing of a motion for reconsideration. The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for consideration that either was not considered or was not fully considered when it should have been. *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, 5 OBR 320, 450 N.E.2d 278.

{¶ 3} The single assignment of error raised by appellant asserted that the order of the commission was not supported by reliable, probative, and substantial evidence and was not in accordance with law. In our opinion, we concluded that there was some evidence to support the factual findings of the commission and, therefore, the order was supported by reliable, probative, and substantial evidence. However, we went on to find that the order failed to meet the second prong of review because it was not in accordance with law. We reached that conclusion after comparing the factual basis for the charge lodged against the permit holder with the provisions of Ohio Adm.Code 4301:1–1–52. We found that, as worded, Ohio Adm.Code 4301:1–1–52 does not prohibit a permit holder or a permit holder's agent or employee from possession of a firearm on liquor-permit premises. Therefore, we found that the order of the commission was not in accordance with law.

{¶ 4} In seeking reconsideration, appellee points out that our opinion was predicated upon the current version of Ohio Adm.Code 4301:1–1–52, which was effective February 20, 2004, while the incident upon which the revocation order was based took place on February 8, 2002, prior to that amendment. Appellee states that our review should have been made under former Ohio Adm.Code 4301:1–1–52(B)(7), which was effective December 10, 1998. Appellee states that the former version of Ohio Adm.Code 4301:1–1–52(B)(7) prohibits the conduct in this case.

{¶ 5} Neither party attached the appropriate version of Ohio Adm.Code 4301:1–1–52 to its merit brief filed in this case, and neither party argued that former Ohio Adm.Code 4301:1–1–52(B)(7) was applicable in this case. However, appellee is correct that the version of Ohio Adm.Code 4301:1–1–52(B)(7) in effect at the time of the alleged violation differs from the current version of the regulation.

{¶ 6} The former version of Ohio Adm.Code 4301:1–1–52(B)(7), applicable at the time of the alleged violation in this case, contained a broad proscription against "improper conduct of any kind, type, or character that would offend the public's sense of decency, sobriety or good order." Appellee reasons that when the former version of the regulation is applied to the facts of this case, the order revoking appellant's permit is in accordance with law.

{¶ 7} We agree that we must apply the former version of Ohio Adm.Code 4301:1–1–52. However, while the earlier version of the regulation would appear to encompass the facts of this case, application of that version of the regulation does not change the result of this appeal. When viewed in light of the 1998 amendment to Ohio Adm.Code 4301:1–1–52, the order of the commission is still not in accordance with law.

{¶ 8} As amended, effective December 10, 1998, Ohio Adm.Code 4301:1–1–52(B)(7) was the subject of review by this court in *161 Dublin, Inc. v. Ohio State Liquor Control Comm.* (Dec. 27, 2001), Franklin App. No. 01AP–134, 2001 WL 1651921. On December 27, 2001, we declared the prior version of Ohio Adm. Code 4301:1–1–52(B)(7) to be both overbroad and vague and, therefore, facially invalid under the Constitution. The conduct in this case took place on February 8, 2002, after subparagraph (B)(7) of the regulation was declared unconstitutional.

{¶ 9} In essence, appellee's motion to reconsider asks us to affirm the revocation of appellant's permit based upon a provision of the Ohio Administrative Code that had been declared unconstitutional and unenforceable prior to the events of this case. We decline to do so.

{¶ 10} Appellant did not question the constitutionality of the 1998 version of Ohio Adm.Code 4301:1–1–52(B)(7) at the hearing before the commission. As a creature of statute, an administrative agency has no authority to determine the constitutionality of a statute. *Cleveland Gear Co. v. Limbach* (1988), 35 Ohio St.3d 229, 520 N.E.2d 188.[1] By logical extension, an agency

---

1. Compare *Bd. of Edn. of the South–Western City Schools v. Kinney* (1986), 24 Ohio St.3d 184, 24 OBR 414, 494 N.E.2d 1109, involving a challenge to the application of a tax statute in the case of a specific taxpayer. In contrast to a facial challenge, a challenge to the application of a statute in a particular case requires the administrative agency to take evidence so that a

cannot determine the constitutionality of any regulation it may adopt pursuant to statute. That role is reserved for the courts under the separation-of-powers doctrine.

{¶ 11} Appellant did raise a vagueness challenge to Ohio Adm.Code 4301:1-1-52 at the earliest opportunity to do so, which was during the first appeal that was taken to the common pleas court. However, appellant abandoned the constitutional claim during appellant's first appeal to this court. Upon remand by this court, appellant attempted to resurrect the constitutional claim before the common pleas court. However, the common pleas court found that, by failing to raise the issue in the administrative hearing and on appeal to this court, appellant had waived the claim that Ohio Adm.Code 4301:1-1-52 was unconstitutionally vague.

{¶ 12} Ordinarily, the doctrine of waiver precludes a litigant from raising an issue for the first time on appeal. The waiver rule is tempered somewhat by the doctrine of plain error. However, in a civil case, the doctrine of plain error will be applied only in the "extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 122–123, 679 N.E.2d 1099.

{¶ 13} We find that this is one of those extremely rare civil cases in which the doctrine of waiver should not be applied and plain error should be noticed. To allow appellee to rely upon a judicially invalidated regulation to impose a penalty upon a permit holder would seriously affect "the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Id. Therefore, we find that this case represents that rare instance in which plain error may be noticed in a civil proceeding.

{¶ 14} Having reconsidered our opinion of August 30, 2005, the court agrees with appellee that the current version of Ohio Adm.Code 4301:1-1-52 does not apply to the facts of this case. Therefore, that portion of the opinion that found that the current version of Ohio Adm.Code 4301:1-1-52 does not prohibit the conduct complained of, is dictum. Instead, review of this case is properly made under the amended version of Ohio Adm.Code 4301:1-1-52(B)(7) that was effective December 10, 1998, and which was in effect at the time of the alleged violation. However, at the time of the incident, Ohio Adm.Code 4301:1-1-

reviewing court may properly consider the constitutional challenge. A facial challenge to a statute does not involve facts.

52(B)(7) had been declared by this court to be facially unconstitutional. Therefore, revocation of appellant's license based on that unconstitutional and invalid provision was unlawful.

{¶ 15} The opinion of August 30, 2005, is amended to reflect that the order that revoked appellant's license was based upon a facially unconstitutional provision of the Ohio Administrative Code. *161 Dublin, Inc.,* supra. Therefore, the order of the commission was not in accordance with law. In all other respects, the opinion rendered on August 30, 2005, stands as written.

{¶ 16} Motion for reconsideration granted. The judgment of the Franklin County Court of Common Pleas is reversed and this case is remanded to that court with instructions to reverse the order of the Liquor Control Commission and enter final judgment for appellant.

Motion for reconsideration granted<br>with instructions.

PETREE and FRENCH, JJ., concur.