[Cite as *Tchankpa v. Ascena Retail Group. Inc.*, 2020-Ohio-3291.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kassi Tchankpa, | : | |
| Plaintiff-Appellant, | : | No. 19AP-760 |
| | | (C.P.C. No. 15CV-10472) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Ascena Retail Group, Inc., | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 11, 2020

**On brief**: *DeWitt Law*, *LLC*, and *Michael W. DeWitt*, for appellant.

**On brief**: *Littler Mendelson*, *P.C.*, *Brooke E. Niedecken*, and *Benjamin W. Mounts*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Kassi Tchankpa, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court granted the motion for summary judgment filed by Ascena Retail Group, Inc., defendant-appellee.

{¶ 2} Appellee is a retailer of apparel, shoes, and accessories. In June 2011, appellant began working for appellee's subsidiary as a database administrator. On December 21, 2012, appellant was injured lifting two laptop computers while working for appellee. In January 2013, appellant started receiving medical treatment which was initially paid through appellee's health insurance plan.

{¶ 3} On May 9, 2013, appellant reported his injury to appellee's human resources department and the department advised appellant to file a workers' compensation claim if he believed he received a work-related injury, instead of billing his medical costs through the health insurance plan. Appellee's health insurance plan eventually stopped providing coverage for appellant's medical bills after being informed the injury was part of a potential workers' compensation claim.

{¶ 4} On September 30, 2013, appellant requested reimbursement of his medical expenses through Ohio Bureau of Workers' Compensation. On October 4, 2013, appellee, who is a self-insurer for purposes of workers' compensation, denied the claim, citing on the C-9 request form: "Denied. [C]laim requires further investigation." On October 11, 2013, appellee denied appellant's workers' compensation claim in the FROI-1, First Report of an Injury, Occupational Disease or Death form ("FROI-1"), checking the box that indicated "Rejection—The employer rejects the validity of this claim for the reason(s) listed below." Appellee indicated below: "Delay in reporting; under investigation." On July 3, 2014, a district hearing officer ("DHO") for the Industrial Commission of Ohio ("commission") allowed appellant's workers' compensation claim for temporary total disability ("TTD"). On July 15, 2014, appellee filed an appeal of the DHO's order. On September 18, 2014, a staff hearing officer ("SHO") denied TTD. The commission upheld the denial of appellant's claim on October 7, 2014. Appellant appealed the commission's decision but voluntarily dismissed the appeal on June 21, 2016.

{¶ 5} On November 23, 2015, appellant, pro se, filed the present action against appellee, alleging a claim for intentional tort for bodily injury, pursuant to R.C. 2745.01, based on appellee's refusal to pay his medical bills and withholding workers' compensation benefits. On December 18, 2015, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6). On February 19, 2016, the trial court granted appellee's motion to dismiss. Appellant appealed. In *Tchankpa v. Ascena Retail Group., Inc.*, 10th Dist. No. 16AP-190, 2016-Ohio-8354, this court reversed the trial court's decision finding the facts appellant alleged in his complaint were sufficient to support a claim that appellee acted in bad faith in terminating his medical coverage, knowing it would cause physical and psychological harm. Thus, we concluded appellant stated a claim for intentional tort for bodily injury pursuant to R.C. 2745.01.

{¶ 6} On remand, the trial court stayed the matter on April 18, 2017 pending the outcome of appellant's action against appellee in the Southern District of Ohio. On August 7, 2018, the federal court declined to address appellant's intentional tort claim. On January 18, 2019, appellant filed a motion to lift the stay which the trial court granted on March 4, 2019. On June 10, 2019, appellee filed a motion for summary judgment claiming appellant's action was barred by the two-year statute of limitations in R.C. 2305.10.

{¶ 7} On October 30, 2019, the trial court granted appellee's motion for summary judgment on the basis that appellant's claim for intentional tort for bodily injury was barred by the two-year statute of limitations. Appellant appeals the judgment of the trial court, asserting the following three assignments of error:

> [I.] The Common Pleas Court committed reversible error when it granted Summary Judgment in favor of Ascena on Tchankpa's viable intentional tort claims based upon the two-year statute of limitations.
>
> [II.] The Common Pleas Court committed reversible error when it granted summary judgment in favor of Ascena by failing to address Mr. Tchankpa's viable bad faith claims governed by the four-year statute of limitations.
>
> [III.] The Common Pleas Court committed reversible error when it granted summary judgment in favor of Ascena on Tchankpa's common-law intentional tort and bad faith claims filed within the two-year and four-year statutes of limitations.

{¶ 8} All three of appellant's assignments of error alleged the trial court erred when it granted summary judgment. Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770*

*W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

**{¶ 9}** When seeking summary judgment on the ground the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

**{¶ 10}** Appellant argues in his first assignment of error the trial court erred when it granted summary judgment to appellee on his intentional tort claims based on the two-year statute of limitations. The Supreme Court of Ohio has found that the statute of limitations for claims under R.C. 2745.01 is two years pursuant to R.C. 2305.10. *See Funk v. Rent-All Mart, Inc.*, 91 Ohio St.3d 78, 81 (2001). R.C. 2305.10 governs the statute of limitations for personal injuries and provides in relevant part that "an action for bodily injury * * * shall be brought within two years after the cause of action accrues. [A] cause of action accrues under this division when the injury or loss to person * * * occurs." R.C. 2305.10(A). It is a long-established rule that a "[s]tatute of limitations commences to run so soon as the injurious act complained of is perpetrated, although the actual injury is subsequent." *Kerns v. Schoonmaker*, 4 Ohio 331 (1831), syllabus.

**{¶ 11}** One exception to the above rule, however, is the discovery rule. Under that rule "[w]hen an injury does not manifest itself immediately, the cause of action does not arise until the plaintiff knows or by the exercise of reasonable diligence should have known, that he [or she] had been injured by the conduct of the defendant, for purposes of the statute of limitations." *O'Stricker v. Jim Walter Corp.*, 4 Ohio St.3d 84, 87 (1983),

paragraph two of the syllabus. The Supreme Court has held that the exceptions to the statute of limitations can apply where an " 'unconscionable result' " would be had if a plaintiff's right to recovery was barred by the statute of limitations before he or she was even aware of his or her injuries. *LGR Realty, Inc. v. Frank & London Ins. Agency*, 152 Ohio St.3d 517, 2018-Ohio-334, ¶ 26, quoting *Wyler v. Tripi*, 25 Ohio St.2d 164, 168 (1971). The discovery rule entails a two-pronged test—i.e., actual knowledge not just that one has been injured but also that the injury was caused by the conduct of the defendant. *O'Stricker* at 90.

{¶ 12} In the present case, the trial court, in its decision granting appellee's motion for summary judgment, addressed the statute of limitations in two contexts. With regard to any cause of action based on the actual injury sustained in late December 2012, the trial court found the statute of limitations for an intentional tort by an employer would have expired in December 2014, nearly one year before appellant filed his case in November 2015. With regard to a cause of action based on appellee's denial of appellant's benefits, the trial court found the statute of limitations for an intentional tort by an employer would have expired on October 11, 2015, because the cause of action accrued on October 11, 2013, the day appellee issued an affirmative rejection of appellant's workers' compensation claim, and any actions or denials after that date occurred as a result of the appellate process.

{¶ 13} In his present appeal, appellant sets forth the following arguments as to why his claim was not barred by the two-year statute of limitations: (1) the discovery rule applies here, and appellant did not discover that appellee had denied payments for his injury and disability medical treatment claim until November 2013, not October 11, 2013, as the trial court determined, (2) appellee waived the statute of limitations defense as an affirmative defense because, in its third answer to appellant's February 11, 2019 amended complaint, it only generally asserted that appellant's claims were barred by the applicable statute of limitations, and (3) appellee waived the statute of limitations defense as an affirmative defense because, in its third answer to appellant's February 11, 2019 amended complaint, appellee only reserved the right to assert the statute of limitations defense and did not actually assert the defense.

{¶ 14} However, in his response in opposition to appellee's motion for summary judgment in the trial court, appellant failed to raise any of the above arguments he now asserts. The entirety of appellant's response to the statute of limitations argument was the following:

> It is undisputed that Tchankpa's claims fall under the two-year statute of limitations contained in R.C. 2745.01. The only logical time Tchankpa's claims could have arisen is when the claim was denied. Ascena picks two arbitrary dates as the date the claim was denied, May 9, 2013, which was the date Tchankpa first filed the workers' compensation claim after his May 3rd meeting with Null, and October 11, 2013, the date that payments were *suspended* allegedly for lack of medical records.   As noted above, the OIC's letter was dated November 9, 2013 and gave Ascena 14 days to appeal so the first date that could be deemed to be a denial of the claim was the next day, November 24th. As such, November 23, 2015 was within two years.   However, Ascena continued to investigate the claim and request information from Tchankpa's doctors well into the spring of 2014.  If the claim had been denied, there was no reason to continue the investigation. As such, November 23, 2015 was well within the two-year statute of limitation.

(Emphasis sic.)

{¶ 15} Thus, it is apparent appellant never raised his current arguments regarding the discovery rule and waiver of the statute of limitations defense at the trial court level. Interestingly, appellant does not specifically raise the above-quoted argument in the current appeal although it was the sole argument he relied on at the trial court level.

{¶ 16} Insofar as appellant seeks to raise for the first time on appeal the discovery rule and waiver of the statute of limitations defense, appellant has waived those arguments. Ordinarily, the doctrine of waiver precludes a litigant from raising an issue for the first time on appeal. *S & P Lebos, Inc. v. Ohio Liquor Control Comm.*, 163 Ohio App.3d 827, 2005-Ohio-5424, ¶ 12 (10th Dist.). The waiver rule is tempered somewhat by the doctrine of plain error. *Id.* However, in a civil case, the doctrine of plain error will be applied only in the " 'extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of

the underlying judicial process itself.' " *Id.*, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-23 (1997). Here, we find no plain error in the trial court's determination, and appellant directs us to none.

{¶ 17} To the extent that we can strain appellant's general argument on appeal—that appellee's October 11, 2013 denial of his claim was not a final, definite, confirmatory, or affirmative denial but was only conditional because it indicated that the "[C]laim requires further investigation"—to square with appellant's general contention in the trial court—that the October 11, 2013 document was not a final denial but only "suspended" payments due to a lack of medical records—we find no error in the trial court's determination that the October 11, 2013 document was an affirmative denial that triggered the running of the statute of limitations. Initially, appellant does not accurately quote the October 11, 2013 document. It was in the October 4, 2013 C-9 request form that appellee indicated: "Denied. [C]laim requires further investigation." In the October 11, 2013 FROI-1, appellee checked the box indicating "Rejection—The employer rejects the validity of this claim for the reason(s) listed below." Below that box, appellee indicated: "Delay in reporting; under investigation." We agree with the trial court that the denial in the October 11, 2013 FROI-1 is clear. Appellee explicitly rejected appellant's claim and stated the reason. Although further proceedings took place after the October 11, 2013 rejection, we agree with the trial court that those proceedings were all appeals of the original October 11, 2013 denial. Furthermore, the "under investigation" language included in the October 11, 2013 denial does not in any way diminish the definite and unreserved rejection language. The rejection clearly informed appellant he was being denied workers' compensation benefits and commenced the running of the statute of limitations for any claim based on such denial. For these reasons, we find the trial court did not commit any error, plain or otherwise, when it granted summary judgment in favor of appellee on appellant's intentional tort claim based on the two-year statute of limitations. Appellant's first assignment of error is overruled.

{¶ 18} Appellant argues in his second assignment of error the trial court erred when it granted summary judgment to appellee by failing to address his bad-faith claim which he now contends is governed by the four-year statute of limitations found in R.C. 2305.09(D). Appellant claims he raised a bad-faith tort claim based on appellee's failure

to process and pay for his injury and disability medical treatment bills as requested after it unilaterally terminated and transferred his injury and disability medical treatment coverage from the health insurance carrier, Aetna, to appellee's self-insured workers' compensation program, thereby causing him to suffer more physical and psychological harm. Appellant asserts that, in granting summary judgment to appellee, the trial court disregarded the viability of his bad-faith tort claim, as if his intentional tort claim and bad-faith claim were the same.

{¶ 19} We find the trial court did not err. We conclude appellant waived his argument that his bad-faith claim against appellee was subject to a four-year statute of limitations and invited any error in the trial court's determination that appellant's claims were subject to a two-year statute of limitations. However, before we address waiver and invited error, we note that it is debatable whether appellant's "bad-faith" claim, in the context of this case, is actually an intentional tort claim under R.C. 2745.01 subject to a two-year statute of limitations. In the majority decision in *Tchankpa*, although we concluded that "the complaint filed by Tchankpa clearly alleges that Ascena terminated Tchankpa's medical coverage under conditions which indicate bad faith and which indicate knowledge that the termination of the coverage would do physical harm to Tchankpa,"throughout the decision we only referred to an intentional tort claim under R.C. 2745.01. *Id.* at ¶ 17. Nowhere did we say appellant had alleged a common-law bad-faith claim in his complaint. Indeed, in appellant's complaint, he alleges that his claims are all governed by R.C. 2745.01. Also, in his December 29, 2015 and January 15, 2016 responses to appellee's motion to dismiss, appellant contends all of his claims are governed by R.C. 2745.01. In addition, as noted in the dissent in *Tchankpa*, in *White v. Mt. Carmel Med. Ctr.*, 150 Ohio App.3d 316, 2002-Ohio-6446 (10th Dist.), this court addressed the arguments relating to bad faith against a self-insured employer in administering workers' compensation claims under the asserted intentional tort claim. *See Tchankpa* at ¶ 22-23.

{¶ 20} Regardless, whether appellant's bad-faith claim was separate from his intentional tort claim is a question we need not answer. We can find nowhere in the trial record where appellant asserted any of his claims were subject to a four-year statute of limitations. Appellant clearly does not raise this argument in his response in opposition to

appellee's motion for summary judgment when he had the opportunity and obligation to address the issue. The failure to raise an argument in response to a motion for summary judgment waives the argument for purposes of appellate appeal. *Lacey v. Ohio Aud. of State*, 10th Dist. No. 19AP-110, 2019-Ohio-4266, ¶ 13, fn. 1, citing *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 34 (failure to raise argument in response to motion for summary judgment waives argument on appeal); *Shutway v. Chesapeake Exploration, LLC*, 7th Dist. No. 18 BE 0030, 2019-Ohio-1233, ¶ 57, citing *Covert v. Koontz*, 7th Dist. No. 13 MO 8, 2015-Ohio-228, ¶ 16 (because filings in response to motion for summary judgment did not raise the argument, it is waived); *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 13 (a party may not change its theory of the case and present new arguments for the first time on appeal). While it is true that "[a]ppellate courts review summary judgment decisions de novo[,] * * * the parties are not given a second chance to raise arguments that they should have raised below." *Whitson v. One Stop Rental Tool & Party*, 12th Dist. No. CA2016-03-004, 2017-Ohio-418, ¶ 18. Therefore, because appellant failed to raise the argument that his "bad-faith" claims were subject to a four-year statute of limitations, including his response in opposition to appellee's motion for summary judgment, we find appellant waived such argument for purposes of appeal.

{¶ 21} Furthermore, to the extent that his "bad-faith" claims might be properly subject to a four-year statute of limitations, appellant has invited any error in the trial court's determination that his claims were subject to a two-year statute of limitations. Appellant specifically alleged in his complaint that his claims were subject to a two-year statute of limitations.  Importantly, in his July 8, 2019 response in opposition to appellee's motion for summary judgment, appellant conceded that his claims were subject to a two-year statute of limitations, and his entire argument was based on the premise that a two-year statute of limitations applied. In his response, appellant stated "[i]t is undisputed that Tchankpa's claims fall under the two-year statute of limitations contained in R.C. 2745.01." In its July 29, 2019 reply in support of its motion for summary judgment, appellee pointed out appellant's concession to the trial court: "Plaintiff concedes that his intentional-tort claims are subject to a two[-]year statute of limitations under O.R.C. § [2745.01].  *See* Pl.'s Memo. In Opp., 12-13."

{¶ 22} Under the invited-error doctrine, "[a] party will not be permitted to take advantage of an error which he himself invited or induced." *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20 (1986). *See also De Bourbon v. State Med. Bd. of Ohio*, 10th Dist. No. 17AP-769, 2018-Ohio-4682, ¶ 22 (finding that under the invited-error doctrine, appellant is not entitled to take advantage of an error that he induced the trial court to make). A party that makes an admission in a memorandum contra summary judgment that is consistent with the trial court's determination in granting summary judgment is precluded by the invited-error doctrine from arguing on appeal that the trial court committed error in making such determination. *Thomas v. Shaevitz*, 10th Dist. No. 98AP-1370 (Sept. 16, 1999). In the present case, appellant invited any error in the trial court's determination that the two-year statute of limitations applied to all of appellant's claims. For the foregoing reasons, we overrule appellant's second assignment of error.

{¶ 23} Appellant argues in his third assignment of error the trial court erred when it granted summary judgment to appellee on his common-law intentional tort and bad-faith claims filed within the two-year and four-year statutes of limitations. In this assignment of error, appellant claims the trial court erred when it found that, because the commission terminated his TTD payments in the commission's final order on October 7, 2014, appellee was not required to pay for any TTD compensation prior to the commission's October 7, 2014 final order. Appellant claims that because appellee waived the right to appeal the DHO's July 3, 2014 order granting him TTD via a July 30, 2014 waiver, the July 3, 2014 order was a final determination until reversed by the commission on October 7, 2014 and he was entitled to continuing TTD payments throughout that period, pursuant to R.C. 4123.511(I), 4123.56(A), and Ohio Adm.Code 4121-3-32(B). Appellant then contends that his common-law intentional tort and bad-faith claims began to run on the dates appellee terminated his TTD payments, which were on August 18, September 3, and 11, 2014.

{¶ 24} Initially, we make three observations. First, our review of the trial court's decision fails to reveal that the trial court made a determination on any specific claim regarding non-payment of TTD benefits prior to October 7, 2014 and any associated application of such a claim to the statute of limitations, as raised here by appellant on appeal. Second, the SHO specifically indicated in its September 18, 2014 order that it was

hearing the matter upon appellee's appeal of the DHO's order, and we find no evidence in the record that appellant ever raised an objection as to the alleged waiver of appellee's appeal. Third, the July 30, 2014 "waiver" appellant refers to is an online request by appellee to continue the SHO hearing on its appeal of the DHO's order. This request indicates all parties agreed to the continuance and to waive the timeframes contained in R.C. 4123.511 and any other applicable provisions in the Ohio Revised Code. Appellant fails to explain how this agreement to continue the SHO hearing constituted a waiver by appellee of its appeal to the SHO. Thus, the main underlying bases of appellant's current argument are unfounded.

{¶ 25} Regardless, appellant has waived this argument. Appellant did not allege any intentional tort claim in his complaint with regard to non-payment of TTD benefits prior to the October 7, 2014 order. He did not raise this argument in his December 29, 2015 response to appellee's motion to dismiss. We did not mention this claim as a viable claim in our decision in *Tchankpa*. It is not until appellant's July 8, 2019 response in opposition to the motion for summary judgment that appellant first raises this claim. Raising such a claim for the first time in his response to appellee's motion for summary judgment is insufficient to thwart a motion for summary judgment.

> A plaintiff cannot fulfill her burden under Civ.R. 56 merely by asserting new claims in response to a properly supported motion for summary judgment. See *White v. Mt. Carmel Med. Ctr.*, 150 Ohio App.3d 316, 2002-Ohio-6446, at ¶ 30, 780 N.E.2d 1054 (concluding that, while, plaintiff is not bound to a particular theory of her case, it is inequitable to permit a plaintiff to assert new claims in response to a motion for summary judgment without amending the complaint.). See, also, *Scassa v. Dye*, 7th Dist. No. 02CA0779, 2003-Ohio-3480, at ¶ 25-30. This tactic, if successful, would permit every nonmoving party-plaintiff to avoid summary judgment by simply asserting different claims based on different substantive law with different material facts.

*Bradley v. Sprenger Ents.*, 9th Dist. No. 07CA009238, 2008-Ohio-1988, ¶ 8. *See also Greene v. Whiteside*, 181 Ohio App.3d 253, 2009-Ohio-741 (1st Dist.) (a plaintiff cannot fulfill his burden to show a triable issue of fact by asserting new claims or theories in response to a properly supported motion for summary judgment); *Aronhalt v. Castle*, 10th Dist. No. 12AP-196, 2012-Ohio-5666, ¶ 26 (a plaintiff cannot fulfill its Civ.R. 56

burden by merely raising new grounds for recovery in response to a properly supported motion for summary judgment), citing *Morris v. Dobbins Nursing Home*, 12th Dist. No. CA2010-12-102, 2011-Ohio-3014, ¶ 29; *Bradley*; *Stadium Lincoln-Mercury, Inc. v. Heritage Transport*, 160 Ohio App.3d 128, 2005-Ohio-1328, ¶ 35 (7th Dist.); and *White*, 2002-Ohio-6446 at ¶ 30. Holding otherwise would deprive the defendant of fair notice and an opportunity to respond to the plaintiff's claims. *Aronhalt* at ¶ 26, citing *Karsnak v. Chess Fin. Corp.*, 8th Dist. No. 97312, 2012-Ohio-1359, ¶ 48; *Stadium Lincoln-Mercury, Inc.* at ¶ 35; and *White*, 2002-Ohio-6446 at ¶ 30. A plaintiff must respond to a motion for summary judgment based on the claims already presented rather than surprise the defendant and court with new theories of recovery. *Aronhalt* at ¶ 26, citing *Stadium Lincoln-Mercury, Inc.* at ¶ 35.

{¶ 26} For these reasons, in the present case, appellant waived this issue by failing to allege it in his complaint and by first asserting it in his response in opposition to appellee's motion for summary judgment. Therefore, we overrule appellant's third assignment of error.

{¶ 27} Accordingly, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and DORRIAN, J., concur.

_____