**[Cite as *Gomez v. Summa Physicians, Inc.*, 2024-Ohio-1674.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| ANA GOMEZ | C.A. No.    30749 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SUMMA PHYSICIANS INC., et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.    CV-2022-12-4312 |

DECISION AND JOURNAL ENTRY

Dated: May 1, 2024

CARR, Judge.

**{¶1}**    Plaintiff-Appellant Ana Gomez, as the Administrator of the Estate of Victor Prieto, Sr., appeals the decision of the Summit County Court of Common Pleas.  This Court affirms.

I.

**{¶2}**    Mr. Pietro was admitted to a Summa facility on November 15, 2020, and was diagnosed with Covid-19.  He was intubated on November 22, 2020, and died on December 14, 2020.

**{¶3}**    On December 22, 2022, Ms. Gomez filed a complaint for wrongful death, which also included a claim seeking punitive damages.  Ms. Gomez named Appellees Summa Physicians, Inc., dba Summa Health Medical Group, Summa Health System, Summa Health System Corp., Summa Health System Community, and Summa Health (collectively "Summa") as Defendants. In the complaint, Ms. Gomez alleged negligence on the part of Summa.

{¶4}    Summa filed an answer denying the allegations and asserted, inter alia, the affirmative defense of the statute of limitations.  On March 24, 2023, Summa filed a motion for judgment on the pleadings.  Among other arguments, Summa argued that Ms. Gomez's claims were barred by the statute of limitations.

{¶5}    Ms. Gomez responded in opposition and Summa filed a reply.  Ultimately, the trial court granted the motion for judgment on the pleadings and dismissed the complaint.

{¶6}    Ms. Gomez has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY DISMISSING THE ACTION UPON STATUTE OF LIMITATIONS GROUNDS AS IT WAS TIMELY FILED BASED UPON THE SAVING SECTION OF THE WRONGFUL DEATH STATUTE AND OTHER GROUNDS LISTED IN THIS REPLY BRIEF[.]

{¶7}    Ms. Gomez argues in her sole assignment of error that the trial court erred in dismissing the action as it was not barred by the statute of limitations.  Specifically, Ms. Gomez maintains that she presented a wrongful death claim based upon a product liability claim and, thus, the statute of limitations would extend until November 2024.  She also maintains that the discovery rule applies to toll the statute of limitations.

{¶8}    The review of a lower court's decision granting judgment on the pleadings under Civ.R. 12(C) is de novo.  *Thomas v. Logue,* Slip Opinion No. 2023-Ohio-3522, ¶ 9, citing *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, ¶ 8.  "Granting judgment on the pleadings, especially when filed by a defendant, generally results in dismissal."  *Thomas* at ¶ 9.

{¶9}    "Dismissal is appropriate under Civ.R. 12(C) when (1) the court construes as true, and in favor of the nonmoving party, the material allegations in the complaint and all reasonable

inferences to be drawn from those allegations and (2) it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief." (Internal quotations omitted.) *Thomas* at ¶ 9, quoting *Maternal Grandmother, ADMR v. Hamilton Cty. Dept. of Job & Family Servs.*, 167 Ohio St.3d 390, 2021-Ohio-4096, ¶ 13, quoting *Reister v. Gardner*, 164 Ohio St.3d 546, 2020-Ohio-5484, ¶ 17.

{¶10} Here, the complaint alleged that:

[] After receiving an abbreviated copy of Mr. Prieto's medical records on September 29, 2022[], including but not limited to, the following was discovered[:]

[] On November 15, 2020[,] [Mr.] Prieto [] was admitted into Defendant's facility via the Emergency Department for cough and shortness of breath. Intake personnel note no pertinent past medical history on the admission sheet. Admission diagnosis was Acute Respiratory Failure with Hypoxia, with Elevation of levels of liver transaminase levels.

[] On November 15, 2020[,] Sars-Cov-2 was detected in [Mr. Prieto] using The Biofire Upper Respiratory Pathogens PCR Panel in violation of its Emergency Use Authorization.

[] Remdesiver (Veklury) was initiated on November 16, 2020[,] and discontinued on November 20, 2020[,] not in accordance with Emergency Use Authorization dated June 20, 2020. Hepatic testing was not done on [Mr. Prieto] before initiation of Remdesiver (Veklury) per Emergency Use Authorization, and Prothrombin Time testing was not done on [Mr. Prieto] before initiation of Remdesiver (Veklury).

[] On November 18, 2020, and on subsequent testing, the Biofire Upper Respiratory Pathogens PCR Panel was not used for testing anymore and was replaced with the Biofire Pneumonia PCR Panel which did not detect Sars-Cov-2 in [Mr. Prieto] on multiple occasions.

[] On November 22, 2020[,] [Mr. Prieto] received Orotracheal intubation until discharge.

[] [Mr. Prieto's] death certificate states that his date of death was December 14, 2020[,] and that his cause of death was Respiratory Failure.

[] Discharge diagnosis states the following conditions [Mr. Prieto] suffered from[:] 1. Acute respiratory failure with hypoxia and hypercarbia[;] 2. ARDS[;] 3 Covid 19 pneumonia[;] 4. AKI[;] 5. DMII poorly controlled[;] 6. Anemia[;] 7. Liver failure.

[] Despite not having timely ordered blood tests, to a reasonable degree of medical probability, accordance with the Emergency Use Authorization empowering the use of Remdesiver (Veklury) [Mr. Prieto] died as a result of Defendants' error in the administration of medication.

[] Further, [Mr. Prieto] died as a direct and proximate result of Defendants' lack of appropriate monitoring, supervision, treatment, and care.

**{¶11}** Within the claim itself, Ms. Gomez asserted that, "[a]s a direct and proximate result of the negligence" of Summa, Ms. Gomez and the next of kin suffered various damages.

**{¶12}** "With the exception of a products liability claim, a cause of action for wrongful death 'shall be commenced within two years after the decedent's death.'" *Rossiter v. Smith*, 9th Dist. Wayne No. 12CA0023, 2012-Ohio-4434, ¶ 7, quoting former R.C. 2125.02(D)(1); *see also* R.C. 2125.02(F)(1).[1] Essentially, Ms. Gomez asserts that her action is not barred because she is asserting a wrongful death action based upon a product liability claim. However, a product liability claim

means a claim or cause of action that is asserted in a civil action pursuant to sections 2307.71 to 2307.80 of the Revised Code and that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:

(a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;

(b) Any warning or instruction, or lack of warning or instruction, associated with that product;

(c) Any failure of that product to conform to any relevant representation or warranty.

"Product liability claim" also includes any public nuisance claim or cause of action at common law in which it is alleged that the design, manufacture, supply,

---

[1] Although the current version of R.C. 2125.02(F)(1) references R.C. 2125.02(D)(2), it is apparent that this is a typographical error, and the reference should be to R.C. 2125.02(F)(2). *See* former R.C. 2125.02(D)(1); *State ex rel. Bowling v. DeWine*, 10th Dist. Franklin No. 21AP-380, 2021-Ohio-2902, ¶ 37, fn. 5.

marketing, distribution, promotion, advertising, labeling, or sale of a product unreasonably interferes with a right common to the general public.

R.C. 2307.71(A)(13); R.C. 2125.02(I)(6); former R.C. 2125.02(G)(6). None of Ms. Gomez's allegations in the complaint, even under a broad reading, provide notice that she is claiming that the wrongful death involved a product liability claim as that term is defined in the Ohio Revised Code. Instead, Ms. Gomez's complaint alleges negligence based on a "lack of appropriate monitoring, supervision, treatment, and care" by Summa. While the claim includes allegations that Summa failed to follow certain Emergency Use Authorizations related to certain drugs and tests, she does not allege any faults with the drugs or tests themselves. *See* R.C. 2307.71(A)(13). Thus, we cannot say that Ms. Gomez's wrongful death action is based on a product liability claim.

{¶13} In her briefing in the trial court, and on appeal, Ms. Gomez also pointed to R.C. 2125.02(F)(2)(g), which relates to wrongful death actions based on a product liability claim founded upon a substance or device described in another section of the revised code. R.C. 2125.02(F)(2)(g) indicates that

> the cause of action that is the basis of the action accrues upon the date on which the claimant is informed by competent medical authority that the decedent's death was related to the exposure to the product or upon the date on which by the exercise of reasonable diligence the claimant should have known that the decedent's death was related to the exposure to the product, whichever date occurs first. A civil action for wrongful death based on a cause of action described in division (F)(2)(g) of this section shall be commenced within two years after the cause of action accrues and shall not be commenced more than two years after the cause of action accrues.

{¶14} Along with her discussion of this section, Ms. Gomez argued that, upon reasonable diligence, the cause of action was not discovered until November 2022, following her review of medical records, and therefore she had until November 2024 to bring her claim. However, this argument fails because Ms. Gomez's claim is not a wrongful death claim based upon a product

liability claim and, therefore, the language she relies upon in R.C. 2125.02(F)(2)(g) is not applicable to her claim.

{¶15} Additionally, Ms. Gomez asserts that the more general discovery rule applies to her action and tolled the running of the statute of limitations. This rule provides that, "[d]epending on the claim and the applicable statute, the date of discovery may toll the running of the governing statute of limitations until the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained-of injury." *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 180 (1989). However, Ms. Gomez did not raise this argument below. "It is axiomatic that a litigant who fails to raise an argument in the trial court forfeits his right to raise that issue on appeal." *Lloyd v. Rogerson*, 9th Dist. Wayne No. 18AP0024, 2019-Ohio-2606, ¶ 68; *see also Tchankpa v. Ascena Retail Group, Inc.*, 10th Dist. Franklin No. 19AP-760, 2020-Ohio-3291, ¶ 16. While Ms. Gomez could have argued plain error, she has not done so, and this Court will not create an argument on her behalf. *Lloyd* at ¶ 68.

{¶16} Further, to the extent that Ms. Gomez has made additional arguments in her reply brief, including raising additional assignments of error, we note that reply briefs are not the appropriate place to make new arguments. *See Scala v. Scala*, 9th Dist. Medina No. 21CA0047-M, 2023-Ohio-2232, ¶ 41. Accordingly, Ms. Gomez was required to bring her cause of action within two years after Mr. Prieto's death and she failed to do. *See Rossiter*, 2012-Ohio-4434, at ¶ 7, quoting former R.C. 2125.02(D)(1); *see also* R.C. 2125.02(F)(1).

{¶17} Ms. Gomez has not demonstrated that the trial court erred in dismissing the complaint. Ms. Gomez's assignment of error is overruled.

III.

{¶18} Ms. Gomez's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

ROSEL C. HURLEY, III, Attorney at Law, for Appellant.

ROCCO D. POTENZA, Attorney at Law, for Appellees.